[Wiggins v. Mertins, Guardian.]

# Wiggins v. Mertins, Guardian.

### *Proceedings for Setting apart Exemption.*

1. *Exemption in favor of wife and minor children; available against a creditor who holds a waiver given by decedent.*—The exemption of one thousand dollars of personal property of a decedent from administration and the payment of debts in favor of his widow and minor children, as provided by statute (Code, §§ 2545, 2546), is available against a creditor whose evidence of debt given by the decedent contains a waiver of exemptions as to personalty.

2. *Same; children who are minors at time of setting apart exemptions entitled to full amount, without regard to others having attained majority.* The children of a decedent, who are minors at the time of setting apart exemptions as provided by statute (Code, §§ 2545, 2546), and who are entitled to such exemptions, are entitled to the entire amount of the exemption allowed by statute; and the fact that one of several minor children of a decedent dies or attains majority before the exemptions are selected or set apart, does not entitle a creditor of the decedent, holding decedent's note with a waiver of exemptions as to personalty, to such child's proportionate sha e of the exemptions, but the entire amount goes to the children who were at that time minors.

APPEAL from Probate Court of Montgomery..
Tried before the Hon. J. B. GASTON.

On February 14, 1894, J. F. Roper, who was then a *bona fide* resident of Montgomery county, Alabama, died, leaving at the time of his death, certain minor children, towit, Effie, Maggie, Nellie and Robbie Roper.

On March 15, 1894, S. S. Boothe was appointed administrator of the estate of J. F. Roper, deceased, and took possession of the property belonging to said estate, which consisted of money and choses in action.

On November 25, 1895, the appellee, G. F. Mertins, was appointed guardian of Maggie, Nellie and Robbie Roper, the said Effie having attained her majority in the meantime. No property or portion of said estate having been set aside as exempt to said minors, as required by law, G. F. Mertins, as guardian, on November 25, 1895, filed his petition in the probate court of Montgomery county, praying for an order of said court to have set aside as exempt, and for the benefit of said minors, such por-

[Wiggins v. Mertins, Guardian.]

tion of the estate as they were entitled to. Upon the filing
of this petition, the probate court made an order ap-
pointing three commissioners, directing them to set
aside said exemption as provided by law. This com-
mission was executed, and the commissioners made their
report on December 13, 1895, in which they set apart
the sum of $1,000 belonging to the estate of J. F. Roper,
deceased, and in the hands of his administrator, as
exempt to the minors, Maggie, Nellie and Robbie
Roper.

On January 11, 1896, Sylvia Wiggins, the appellant,
claiming to be a simple contract creditor of the estate of
J. F. Roper, deceased, filed several exceptions to the re-
port of the commissioners, and asked that the report of
the commissioners be set aside and not allowed, or
otherwise modified, so as to allow the said three minors
only such sum as they may be entitled to have set apart
to them, as exempt, after this claimant's debt has been
paid. There were several grounds of exceptions to the
report of the commissioners, which may be summarized
as follows :

1. The administrator of said estate had been ap-
pointed and qualified long prior to the filing of the pe-
tition to have the alleged exemptions set apart, and no
inventory has ever been made or filed of the assets be-
longing to said estate, as required by law.

2. Said minors, Maggie, Nellie and Robbie Roper are
not entitled to have $1,000 set apart as exempt to
them.

3. At the time of the death of the decedent, J. F.
Roper, he left four children, towit, Effie, Maggie, Nellie
and Robbie Roper ; that prior to the filing of the peti-
tion to have the alleged exemptions set apart to the said
Maggie, Nellie and Robbie Roper, said Effie Roper had
become of legal age without, in any manner, claiming
said exemptions of personal property, or any portion
thereof, and has not yet made such claim ; whereby the
said Effie Roper lost and waived any right which she
might have had during her minority to claim the same
or her portion thereof, towit, one-fourth of whatever
might be exempt to all of said minors, towit, $250, and
said sum or portion of said personal property fell back
into the assets of the said estate and became liable and

subject to the debts thereof, and did not accrue to the remaining minors.

4. Said three minors, Maggie, Nellie and Robbie Roper, were not, at the time of filing said report, and are not now, entitled to have set apart to them, as exempt personal property of the said estate, to the value exceeding seven hundred and fifty dollars, for that, said decedent died leaving four minor children, one of whom, who is still living and is now over age of twenty-one years, has made no claim for any portion of said personal property as exempt to her, whereby she has forfeited and waived any claim she might have had as a minor thereto, in favor of the creditors of said estate.

5. The said Sylvia Wiggins owns a note made by the decedent upon which there is due the sum of, towit, $360.24, which note has been duly and legally filed as a claim against the said estate, in and by which the decedent waived all claim to any exemptions of personal property under the laws of Alabama as against the said debt, until the same was fully paid, which note has not been fully paid, and the said claim is admitted by the administrator of said estate to be a just and true debt due by the estate of the said decedent; that the said estate will be insufficient to pay said debt if $1,000 is set apart as exempt to said minors.

6. The claim of this claimant is a lien upon the personal property belonging to said estate prior to the alleged exemptions sought to be set apart in said report.

To these exceptions the guardian demurred, upon the following, among other grounds: 1st. Said exceptions show no reason why said report should not be confirmed. 2d. Said exceptions are general, and fail to show any reason or cause why said minors are not entitled to claim said exemption. 3d. There is no law requiring the probate court to reduce the amount of exemptions to a minor or minors, because one of them had become of age. 4th. That if said Effie Roper has waived any right in said exemptions, said waiver was for the benefit of, and inured to, the remaining minors interested in said estate. 5th. Said exception fails to show or aver how the claim of said claimant is a lien upon the personal property of said estate, and is simply a conclusion of the pleader. These demurrers were sustained, the exceptions were overruled, and the report

of the commissioners was, in all things, confirmed, and it was decreed that the minors be allowed the exemptions set apart to them.

Sylvia Wiggins, the claimant, prosecutes this appeal, and assigns as error the ruling of the court in sustain-ing the demurrers to her exceptions to commissioners report, and the judgment of the court confirming said report and allowing the exemptions claimed.

JOHN A. ELMORE and FRED S. BALL, for appellant. The question is, whether or not the property of said decedent's estate, to the value of one thousand dollars, shall be set aside as exempt to the minor children who have applied for it, to the exclusion of a creditor who is such creditor by being the owner of a note containing a waiver of exemptions; or, to state it otherwise, whether the holder of said note does not come in before said minors, and, by reason of said waiver, take priority over them, and is thus entitled to be paid before they are permitted to have said exemptions set apart to them. While we are constrained to admit, of course, in the outset, that a waiver of exemptions in a note, does not create a lien, unless prosecuted to a judgment, yet, we submit that it is such a *quasi* lien as to create an obligation upon the personal representative of the decedent to pay a note containing such waiver prior to those debts which are not represented by full liens, to use such an expression; and we do not think it can be the meaning and intent of the statute to cut off, by the exemptions provided for in the section referred to, the duty to pay such obligations. It has been decided that personal representatives, among their first duties, are required to set apart exemptions of personal property, if there be a surviving widow, child or children; and it may be that, to constitute a statement of the claim that will cut off exemptions, the waiver should be set forth, if there be one.—*Agnew v. Walden*, 95 Ala. 108. The principle in the case of *Baker v. Keith*, 72 Ala. 121, if applied to the case at bar, would give appellant's claim priority over that of the minors.

Eliminating all questions concerning the waiver, and granting that at the time of the death of the said Roper, the four minor children were entitled to one thousand dollars, as exempt, three of those minors are entitled to only seven hundred and fifty dollars; and if the other

child forfeits her rights to her portion of that exemption, it falls into the estate and is subject to administration and payment of debts.

W. C. FITTS, and FARNHAM, CRUM & WEIL, *contra*.— 1. The right to the exemption is absolute, until, perhaps, after a subjection of the property to administration and a sale or appropriation thereof to the payment of debts; in which case the failure to apply for the exemption, might amount to a waiver. But, so long as there is any property in existence in the hands of the administrator, unappropriated to the payment of debts, or for a division—property to which the claim could attach, and upon which it could operate—the right is absolute and will not be considered to have been waived.—*Chandler v. Chandler*, 87 Ala. 300; *Mitcham v. Moore*, 73 Ala. 542; *Smith v. Kennedy*, 99 Ala. 83.

2. Appellant is nothing more than a simple contract creditor, the note had never been reduced to judgment and no lien had been acquired in the life time of Roper. The only effect of the waiver clause in the note was, to deprive the said Roper, in the event that during his life, by proper proceedings, the note should be reduced to judgment, or of any right on his part to claim the exemption. There is, and can be, no question that the property sought to be claimed as exempt by the minors, belonged to the said Roper at the time of his death. The language of the statute is clear, and not open to construction: "In favor of such widow and minor children, or either, there shall also be exempt from administration and the payment of such debts, personal property belonging to such decedent at the time of his death, to the amount of one thousand dollars," &c. Code of 1886, §2546. If Roper had made a conveyance of this property, or created a valid lien upon it, the claim of exemption could not be asserted by the minors; but that proposition or fact does not obtain here. The statute is not for the benefit of the maker of the note, or his creditor, but for his widow and minor child or children —*Barber v. Williams*, 74 Ala. 331. The case of *Baker v. Keith*, 72 Ala. 121, relied upon by appellant, holds, that "the title to exempt property does not vest in the administrator," and further that "the administrator and the probate court are without authority or

[Wiggins v. Mertins, Guardian.]

power to apportion the assets between the common debts and those containing waiver of exemption."

COLEMAN, J.—The abstract presents but two questions which require consideration. The first is, whether the exemption of one thousand dollars of personal property from administration and the payment of debts in favor of the widow and minor child or children of a decedent, as provided by the statute, is available against a creditor, the evidence of whose debt contains a waiver of exemptions as to personalty. The statute (sections 2545, 2546 of the Code) are plain and explicit in exempting personal property, to the amount of one thousand dollars, from administration and the payment of debts contracted after the 23d of April, 1873  A mere waiver of exemption does not create a lien upon property, nor vest the owner of such a debt with any interest in the property of his debtor. There can be no doubt of the constitutional power of the legislature to make such provisions, and the statute expressly declares that the exemption applies to all debts contracted after the time specified. We considered to some extent, the right of a person against whom there was a note with a waiver of exemptions as to the personalty, to convert his personal property which might have been subjected to the payment of his debt, into a homestead, and maintain the homestead under a claim of homestead exemption against his debt, in the case of *Reeves & Co. v. Peterman*, 109 Ala. 366.

The next question is, whether when a decedent leaves two or more minor children, who are entitled to the benefit of the exemption, and one dies, or attains its majority before the exemptions are selected or set apart, as provided in the statute, the remainder are entitled to the entire one thousand dollars, or only to a proportionate share. The statute exempts the property from administration, and the payment of debts. The rights of a creditor are neither diminished nor enlarged by the number in whose favor the exemption may operate. If there is a widow or minor child or children, the exemption provision takes effect, and it operates in favor of those capable of taking at the time of the death of decedent. The setting apart of the property vested title specifically.

[Wilson v. Smith.]

In no event is the exempt property subject to debts of creditors —3 Brick. Dig. 500, § 156.

Affirmed.