(124 So. 113)

## BUCHANNON et al. v. BUCHANNON.
### (8 Div. 72.)

Supreme Court of Alabama.   Oct. 10, 1929.

Wm. C. Rayburn, of Guntersville, for appellants.

John A. Lusk, of Guntersville, for appellee.

BOULDIN, J. The appeal is from the decree of the probate court setting apart homestead exemption to a widow and minor children under Code, § 7948.

A motion is made to strike the bill of exceptions on the ground that it was not presented within the time required by law. .

While it purports to be so presented and signed, the affidavit of the judge signing the same shows it was not presented nor signed within time, but was dated back.

Such fact may be shown by affidavit filed in this court in support of the motion. Johnson v. Frix, 177 Ala. 251, 58 So. 427; Buck Creek Lumber Co. v. Nelson, 188 Ala. 243, 66 So. 476.

The motion to strike must be granted.

Looking to the record proper and assignments of error based thereon, the petition shows decedent occupied the homestead at the time of his death; that it was less in area and value than the exemptions allowed by law to his widow and minor children; that he owned no other, real estate; that more than 60 days had elapsed since his death and no administration granted on his estate; that he left surviving petitioner, his widow, and four minor children, naming them, as well as other adult children and descendants of children.

Thus far the petition clearly sets forth the jurisdictional facts. This does not seem to be questioned. But the petition further shows the proceeding was instituted more than 18 years after the death of the husband and father; that meantime all the minor children have become of full age.

The final decree, on exceptions to report of the commissioners, finds all these averments to be true; and thereupon confirmed the report setting apart the homestead to the widow and four children who were minors at their father's death.

If free from error, such decree has the effect of vesting an estate in fee in the widow and four children named. Code, §§ 7920, 7951.

The decree is assailed on the ground that a homestead cannot be set apart to minor children after they have become of age.

By the present statute, a minor at the death of the decedent may take in fee, although he has arrived at age before the proceedings to set apart the homestead. Code, § 7956.

But in this case decedent died in 1910. Widow's and minors' homestead exemptions are governed by the law in force at the date of decedent's death.

The Code of 1907 must govern. By that Code absolute title did not vest as against heirs until the homestead was duly set apart and certain named facts judicially ascertained. Code, § 7920 (4198). There was no provision, as under section 7956 of the present Code, to the effect that such proceeding could be had after the minor arrived at full age, and vest absolute title as of the death of the ancestor.

These statutes enlarging the homestead from a right of possession and enjoyment during the life of the widow and minority of the children, or either, into a fee upon the judicial ascertainment of certain facts touching the condition of the estate, had a prototype in our statute so enlarging their estate upon judicial ascertainment of the insolvency of the estate of decedent. Code, § 7918.

Under this statute it has long been declared that judicial ascertainment of insolvency must be had before the minor arrives at full age; that the enlarged estate must come into being while the possessory right of homestead exemption exists; that a new estate in fee cannot arise after the homestead right during minority has terminated. Baker v. Keith, 72 Ala. 121.

We note that under section 7948, the proceeding on behalf of minors is by the widow, or, if no widow or she fails to act, then some suitable person appointed by the judge of probate as next friend of the minor child or children. No occasion for a next friend exists after the minor has come of full age. The omission of any provision permitting the minor to act for himself after arriving at age, or extending the power of the widow or next friend to such case, is persuasive that no such proceeding is contemplated.

Our conclusion is that prior to section 7956 of Code of 1923, on arrival of a minor at full age, no proceeding to set apart the homestead and to vest a fee in him having been instituted, his homestead right was ended, and he took his position as an heir at law of the estate. We may note that this rule has no application where the only heirs of decedent are his surviving minor children.

In such case they take a fee by inheritance, and no proceeding to set apart the homestead less in area and value than allowed by law is necessary as to them. Mathews v. Goodenough, 206 Ala. 229, 89 So. 708; Keenum v. Dodson, 212 Ala. 146, 102 So. 230.

It is further argued that the widow, having instituted no proceedings on behalf of herself and minor children during their minority, is not permitted to proceed under section 7948 on her own behalf.

No statute of limitations prescribes the time within which her petition may be presented.

In Miles v. Lee, 180 Ala. 439, 61 So. 915, 917, there was administration on the estate; no homestead was set apart to the widow pending the administration. Held the probate court had no jurisdiction, after the final settlement and discharge of the administrator, to entertain a petition on behalf of the widow under section 7948 (4224). Concluding the opinion, the court suggested a remedy may exist in chancery, but left that point undecided because the widow had died in the meantime. It was declared the homestead "should be set apart during the life of the widow or minority of the children in order to cut off the other heirs." As to remedy in equity after jurisdiction of the probate court has ceased, see Evans v. Evans, 213 Ala. 265, 104 So. 515.

In Thompson v. Miller, 204 Ala. 502, 85 So. 689, petition for homestead allotment was filed by the widow more than 20 years after the husband's death. The decision was rested on the fact that the widow had long since conveyed by deed all interest in the homestead. We need not decide whether the prescriptive period of 20 years would bar the proceeding, as that period had not elapsed in this case.

We find nothing in the statute nor in the policy behind exemption laws, which would limit the widow's right to interpose her claim to the period during which the status as to minority of children existing at the time of decedent's death still continues. Indeed, a minor might die or become of age before the time arrives when she is entitled to proceed under section 7948. Chambers v. Chambers, 218 Ala. 192, 118 So. 385.

Our conclusion is that, so long as there is a widow and minor children, or either, having a possessory homestead right, an appropriate proceeding may be had to set apart the homestead and to judicially determine the facts upon which they take an absolute title. We limit this decision to proceedings had within 20 years from decedent's death. The property should be set apart only to the widow and minor child or children, or to minor child or children, who are minors at the date of such proceedings, and an absolute title vests in them only.

This does not mean that the interest of such widow or minor children in the fee is enlarged by the death or arrival at age of other minor children living at decedent's death. The quantum of estate each is to take is fixed by that event. The possessory homestead right in the widow and minors is enjoyed concurrently and successively during the life of the widow or minority of the children, or of any one of them, whichever may last terminate. But no survivorship is provided as to the fee. In this case, where there were a widow and four minor children at decedent's death, and all these minors have since arrived at age, the homestead should be set apart to the widow only, and, all these facts being adjudicated, the widow takes an undivided one-fifth interest in the reversion after the termination of her life estate.

It was proper, and indeed it was the duty of the petitioner, to set forth all these facts, and it was the duty of the court to judicially determine the same in order that the true estate of the widow should appear. Keenum v. Dodson, 212 Ala. 146, 102 So. 230.

The error of the trial court was in overruling exception No. 5, raising due objection to setting apart a homestead to erstwhile minors who had then arrived at full age, and in confirming the report of commissioners in so far as it set apart a homestead to them.

For this error the decree is reversed, and the cause remanded for further proceedings in conformity with this opinion.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.