181 So. 757

**HAYNES et al. v. HAYNES.**

**6 Div. 267.**

Supreme Court of Alabama.

May 12, 1938.

Rehearing Denied June 16, 1938.

**332**

James & Stewart, of Cullman, for appellants.

Thos. W. Millican, of Cullman, for appellee.

THOMAS, Justice.

The facts are stated by appellants substantially as follows:

Appellants are the adult heirs-at-law of Henry Robert Haynes, deceased. Appellee is the minor child of said decedent, who died in Cullman County, Alabama, on July 9, 1933, leaving appellants, appellee and other children and a widow, who was the mother of appellants, appellee and other children in the family. At the time of his death, decedent owned the Northwest fourth of the Northeast fourth of Section nineteen, Township ten, Range three west, containing forty acres more or less, situated in Cullman County, Alabama, on which the deceased resided as a homestead. The widow of said Henry Robert Haynes later died without having had the above property set apart to her as a homestead, nor was it set aside to appellee during the life of the widow.

Appellants filed their original bill to sell this land for division and appellee answered with a cross bill praying that the property be set aside to her as a homestead, that it be declared to vest in her absolutely, averring that the property was not of value in excess of $2000 at the date of the death of said decedent, and was all the lands of decedent.

It is contended by appellants that upon the death of the widow (mother of these parties and other children), "that the portion of the homestead which would have gone to the widow, had it been set apart to her during her life," vested in the parties and the other children and is subject to distribution, after termination of the homestead right of appellee, "even if the value of the property was not in excess of $2,-000." It is further insisted by appellants that the land exceeded $2,000 in value at the date of the death of decedent.

It is declared by statute that, "When the homestead set apart to the widow and minor child or children, or either, constitutes all the real estate owned in this state by the decedent at the time of his death, the title of such homestead vests absolutely in them, whether there be administration on the estate of the decedent or not; but the title to the homestead shall not vest absolutely in them as against the other heirs of decedent until it is so set apart and until it is judicially determined that it is all the real estate owned by the decedent, and that it is not of greater value than two thousand dollars; but as against the creditors of decedent, the title of the homestead will be presumed to be absolute until it is judicially determined that it is not all of the real estate left by decedent, and that it is of greater value than two thousand dollars, and the homestead secured hereby shall be held and governed as in section 7918 (4196)." [Section 7920, Code of 1923.]

The law in force at the time a homestead estate vests by death of intestate controls. Long v. Brown, 206 Ala. 154, 89 So. 614; Williams v. Overcast et al., 229 Ala. 119, 155 So. 543.

■ It follows that the value of the homestead must be determined as of the date of the death of decedent. Wright v. Fannin, 229 Ala. 278, 156 So. 849; Long v. Brown, supra; Ticer v. Holesapple, 226 Ala. 271, 146 So. 614; Williams v. Overcast et al., supra.

■ It has been declared that when a resident dies, leaving two or more parties entitled to homestead exemption under conditions that the title would vest unconditionally in such exemptioners, and homestead exemption is not claimed and judicially determined until after the death of one or more so entitled, the survivor or survivors may have homestead determined and set aside.

What then is the status of the other heirs of such decedent? It is clear that such homestead shall not vest absolutely in such exemptioners as against the other heirs of such decedent until it is judicially or duly set apart, and that necessitates a determination of the questions (1) whether or not the homestead is of greater or less value than $2000.00, and (2) whether or not it is all the real estate owned by decedent at the time of his death.

It would appear that the effect of Buchannon v. Buchannon, 220 Ala. 72, 124 So. 113, and Wiggins v. Mertins, 111 Ala. 164, 169, 20 So. 356, is that the survivor may have homestead set aside, but that the other legal heirs of such decedent are entitled to share in the distribution of the estate after the determination of homestead as to the share of the exemptioner or exemptioners whose right was not determined during the life of such exemptioner or exemptioners. Such was the effect of the majority opinion in Williams v. Overcast, supra. And this is in line with the purposes of Section 7956 of Michie's Code.

In Wiggins v. Mertins, Guardian, 111 Ala. 164, 168, 20 So. 356, 358, it is observed: "The next question is whether, when a decedent leaves two or more minor children, who are entitled to the benefit of the exemption, and one dies or attains its majority before the exemptions are selected or set apart, as provided in the statute, the remainder are entitled to the entire $1,000, or only to a proportionate share. The statute exempts the property from administration, and the payment of debts. The rights of a creditor are neither diminished nor enlarged by the number in whose favor the exemption may operate. If there is a widow or minor child or children, the exemption provision takes effect, and it operates in favor of those capable of taking at the time of the death of decedent. The setting apart of the property vested title specifically."

The case of Buchannon v. Buchannon, 220 Ala. 72, 75, 124 So. 113, does not cite the Wiggins Case, supra, to a like effect. It is observed in the Buchannon Case, supra (page 115), that, "This does not mean that the interest of such widow or minor children in the fee is enlarged by the death or arrival at age of other minor children living at decedent's death. The quantum of estate each is to take is fixed by that event. The possessory homestead right in the widow and minors is enjoyed concurrently and successively during the life of the widow or minority of the children, or of any one of them, whichever may last terminate. But no survivorship is provided as to the fee. In this case, where there were a widow and four minor children at decedent's death, and all these minors have since arrived at age, the homestead should be set apart to the widow only, and, all these facts being adjudicated, the widow takes an undivided one-fifth interest in the reversion after the termination of her life estate."

It is admitted that the widow and appellees did not have the homestead set apart during the life of the widow, and that all parties to this suit are the children of Henry Robert Haynes, decedent, and his widow. It is insisted by appellants that appellees and the other children share equally in the pro rata share of that widow, and which share would revert to them upon the death of appellee.

This is the effect of the decisions of Buchannon v. Buchannon, supra, and Wiggins v. Mertins, Guardian, supra, as stated. The decree of the trial court was that the whole title to said property vested in appellee, individually and absolutely, to the exclusion of the stated interests of appellants. It being a matter of law under the undisputed facts, we need not consider the other questions argued.

The evidence supports the decree of the trial court as to the value of the homestead at the time of decedent's death.

When the facts of Buchannon et al. v. Buchannon, supra, are considered with reference to that original record, while the date of the death of decedent is not stated,

the opinion states that "the proceeding was instituted more than 18 years after the death of the husband and father; that meantime all the minor children have become of full age."

Thus it is clear the decisions in Buchannon et al. v. Buchannon, supra, and in Wiggins v. Mertins, Guardian, supra, were under the statute before it was amended as it appears in the Code of 1923, and the inclusion therein of Section 7956. That statute is as follows: "§. 7956. Time at which statute shall take effect, as vesting title in infants or minors.—In all proceedings under this chapter to set aside, allot or decree homestead exemptions to the widow or minor children, where the title to the property so exempt or set aside vests title absolutely in the widow or minor children, one or both, the children who were infants or minors at the death of their deceased parent shall be held to take jointly with the widow and other minors or infants, if such there be, though such minors or infants be twenty-one years of age at the time the homestead is allotted, set apart, decreed or determined to vest title absolutely in the widow or minors."

That such was the effect of the decision in Buchannon et al. v. Buchannon, supra, is shown by the statement that "prior to section 7956 of Code of 1923, on arrival of a minor at full age, no proceeding to set apart the homestead and to vest a fee in him having been instituted, his homestead right was ended, and he took his position as an heir at law of the estate."

▮ Here the averment of the original bill, taken and considered with the answer and cross bill of Cornelia Aleen Haynes, indicates that the trial court correctly decided the question of law presented by the undisputed facts, and that the decree of the circuit court in favor of cross complainant was free from error; that the land in question vested absolutely in cross complainant, "is exempt from administration and payment of debts," and justly determined that the value of the same "is not greater than $2000.00 and does not exceed in area one hundred sixty acres."

It results, therefore, that the decree of the circuit court should be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.