7 So.2d 490

**T. S. FAULK & CO. v. BOUTWELL et al.**

**4 Div. 203.**

Supreme Court of Alabama.

April 9, 1942.

Mulkey & Mulkey, of Geneva, for appellants.

J. W. Hicks, of Enterprise, and Carmichael, Crenshaw & Simmons, of Opp, for appellees.

GARDNER, Chief Justice.

The appeal is from a decree ordering the sale of 80 acres of land for division among tenants in common. The pivotal question in the case relates to the insistence of the members of the partnership of T. S. Faulk & Company, parties defendant to the bill, that the fee-simple title was vested in them by reason of the execution to them of a deed to the land by one Steiner Booker, and proceedings in the Probate Court of Coffee County, Alabama, offered as proof of full ownership in said Booker. These defendants insist, first, that under the undisputed facts the title in fee was vested in Steiner Booker, and second, that in any event the decree of the Probate Court so declaring is not subject to collateral attack and in this character of proceedings must be accepted as conclusive and final.

Upon original consideration of the cause in the court below decree was rendered for complainants without opinion. But upon defendants' application for rehearing the learned chancellor, in denying the application, briefly but clearly answered both contentions of these defendants.

The chancellor has succinctly stated the controlling facts as follows: "Applicant contends that the fee simple title vested in Steiner Booker by reason of the fact that in 1932 he had the lands in question set apart as homestead exemption. The facts are, about which there is no dispute, that Mrs. Julia Booker died intestate in 1915, owning, residing upon and occupying as a homestead the 80 acres in question, worth less than $2,000.00, leaving surviving as her heirs one adult child, and seven minor children, together with a husband, owning no other real estate. No administration was had on her estate and no proceedings to set apart a homestead until 1932, when all children then living were over 21 years of age except Steiner Booker. Steiner filed his application to set apart the entire tract as exempt to him alone, being the only minor at that time, setting up all of the true facts. The appraisers filed their report, notices required by law were given all interested parties, minors were properly represented, and the Probate Court confirmed the report, and by decree 'Vested the fee simple title in applicant, Steiner Booker.' Respondent contends. (1st) the law vests the title in Steiner under the facts of the case, under the Probate Court procedure, since Sec. 7956 of the Code [Code 1940, Tit. 7, § 702] does not apply; (2nd) even if not, complainants cannot collaterally assail the decree of the Probate Court vesting full title in Steiner."

And the conclusion was reached as to the question of title that the case of Buchannon v. Buchannon, 220 Ala. 72, 124 So. 113, was conclusive against defendants' contention and it was pointed out in the opinion that the ruling in the Buchannon case was re-affirmed in Williams v. Overcast, 229 Ala. 119, 155 So. 543, and considered in Haynes v. Haynes, 236 Ala. 331, 181 So. 757, as stating the now settled law. We find ourselves in full accord with these views. We may add also the Buchannon case was only very recently recognized as stating the settled rule of law in Bishop et al. v. Johnson, post, p. 551, 7 So.2d 281.

Able counsel for defendants argue with much ingenuity against the correctness of the holding in the Buchannon case and in oral argument fully recognized the difficulty with which he was faced in his effort to have the court overrule that decision as well as those re-affirming the conclusion therein reached. The result of this appeal will, therefore, present no matter of great surprise.

■ But at the threshold of the consideration as to the matter of title to the land, there is presented a question which appears to have found no part in the discussion. We refer to the doctrine of stare decisis, which to our minds is here of much force. As said in 14 Amer.Jur. 286 "the rule of 'stare decisis' seems to apply with peculiar force and strictness to decisions

which have determined questions respecting real property and vested rights". We have frequently given expression to like views. Board of Revenue of Shelby County v. Farson, Son & Co., 197 Ala. 375, 72 So. 613, L.R.A.1918B, 881; Brown v. Finley, 157 Ala. 424, 47 So. 577, 21 L.R.A., N.S., 679, 131 Am.St.Rep. 68, 16 Ann.Cas. 778. And in Bibb v. Bibb, 79 Ala. 437, there is to be found a more elaborate discussion of this principle.

The Buchannon case was decided in October 1929, thrice here reaffirmed, and has been considered since that time as the accepted law of this State. It has become a rule of property and it would seem the doctrine of "stare decisis" should here be given application.

 But we prefer to rest our decision upon our conviction of the correctness of the decision in the Buchannon case. There, as here, the Code of 1907 controlled, and the opinion pointed out that no time was fixed for the matter of judicial ascertainment provided in Section 4198, Code 1907, Code 1940, Tit. 7, § 663. By analogy we applied the rule which had prevailed as to judicial ascertainment of insolvency of an estate as affecting homestead rights, to the effect that such ascertainment must be had before the minor arrives at full age and that the enlarged estate must come into being while the possessory right of homestead exemption exists. Following this line of reasoning we said [220 Ala. 72, 124 So. 114]: "Our conclusion is that prior to section 7956, of Code of 1923 [Code 1940, Tit. 7, § 702], on arrival of a minor at full age, no proceeding to set apart the homestead and to vest a fee in him having been instituted, his homestead right was ended, and he took his position as an heir at law of the estate."

And as directly applicable to the minor Steiner Booker in the instant case, we further observed: "This does not mean that the interest of such widow or minor children in the fee is enlarged by the death or arrival at age of other minor children living at decedent's death. The quantum of estate each is to take is fixed by that event. The possessory homestead right in the widow and minors is enjoyed concurrently and successively during the life of the widow or minority of the children, or of any one of them, whichever may last terminate. But no survivorship is provided as to the fee. In this case, where there were a widow and four minor children at decedent's death, and all these minors have since arrived at age, the homestead should be set apart to the widow only, and, all these facts being adjudicated, the widow takes an undivided one-fifth interest in the reversion after the termination of her life estate."

We are persuaded this was a sound and correct construction of our statute as it stood in 1907 and we re-affirm the holding in the Buchannon case.

Reference in brief is made to Wiggins v. Mertins, 111 Ala. 164, 20 So. 356, 358, as holding to a contrary view. But we do not so interpret that decision. That case concerned only the question of the right of a creditor of the estate—that and nothing more. The gist of the decision is to be found in the following excerpt from the opinion: "The statute exempts the property from administration, and the payment of debts. The rights of a creditor are neither diminished nor enlarged by the number in whose favor the exemption may operate."

No such question as was determined in the Buchannon case was presented or considered in Wiggins v. Mertins, supra. In Haynes v. Haynes, supra, there was occasion to consider and give effect to Section 7956, Code 1923, Title 7, § 702, Code 1940, which affords protection to minors who have reached their majority. But that statute was enacted prior to the decision in the Buchannon case, and if it is to be given here any weight by way of logic (a debatable question), it would seem to indicate a legislative recognition of the very principle upon which the decision in the Buchannon case was rested. But we forego further discussion. We adhere to the views as expressed in the Buchannon case.

Upon the question of collateral attack as to the decree of the Probate Court little need be said. All essential facts are recited in the petition as well as in the decree of the Probate Court. Viewed in the light of the applicable existing statute these recitals upon their face disclose that Steiner Booker was entitled to only an one-seventh interest in the reversionary estate. The holding in the probate court decree that he was entitled to the fee title in the property was erroneous upon

its face. Indeed no necessity existed for the decree to expressly declare the interest. The necessary facts being ascertained and recited in the decree, the law vests the title "whether the decree does or does not expressly so declare". Miller v. First National Bank, 194 Ala. 477, 69 So. 916, 918.

■ So much of the decree that attempts to vest in Steiner Booker an absolute title to the property was void and as such is to be so considered on collateral attack. Williams v. Overcast, supra; Dawkins v. Hutto, 222 Ala. 132, 131 So. 228; Miller v. Thompson, 209 Ala. 469, 96 So. 481; 34 C.J. 528. We find no error in the decree rendered and it will accordingly be here affirmed.

Affirmed.

THOMAS, BROWN, and FOSTER, JJ., concur.