25 So.2d 147

**CRAIG et al. v. ROOT.**

3 Div. 435.

Supreme Court of Alabama.

March 7, 1946.

**480**

L. A. Sanderson and Jack L. Capell, guardian ad litem, both of Montgomery, for appellants.

Hill, Hill, Whiting & Rives, of Montgomery, for appellee.

LAWSON, Justice.

This case is before us on appeal from a decree of the probate court of Montgomery County setting apart a homestead and investing exclusive title therein to appellee as the widow of Isaiah Root, deceased, pursuant to § 694, Title 7, Code 1940, § 4224, Code 1907.

One of the appellants, Virginia Craig, is a daughter of Isaiah Root, and the others are his grandchildren, children of the deceased children of the said Isaiah Root. There are several assignments of error but in appellants' brief it is stated that only one question is urged on this appeal. We quote from appellants' brief as follows: "There are four assignments of error, but we take it that each assignment of error raises the same proposition, that is to say, that the probate court of Montgomery County, Alabama, was without authority to set aside the real property or that is the property of Isaiah Root, deceased, to his widow, Millie Root, because she failed to file her application to have same set aside for more than thirty years after her husband's death."

The position which appellants take here is in accord with the position which they took in the court below, as reflected by an agreed statement of facts, which is as follows:

"It is agreed between Millie Root, applicant to have homestead set aside, and Virginia Craig and others, filing objection to the report of the commissioners setting aside the homestead to the said Millie Root, that the property as described in the petition of said Millie Root was owned by the said Isaiah Root, husband of the said Millie Root; that they were lawfully married and resided on said property, claiming the same as a homestead at the time the said Isaiah Root died July 3, 1914; that the said property was, at the time of the death of the said Isaiah Root, and is now, of less than 160 acres in area and $2,000 in value;

that it is now occupied by the said Millie Root, who has occupied the same as a home continuously from the date of the death of the said Isaiah Root in the year 1914; that no administration has ever been had upon the estate of the said Isaiah Root; that more than twenty years elapsed between the death of the said Isaiah Root and the application of his widow, the said Millie Root, to have said property set aside to her as a homestead; that the property sought to be set aside as a homestead was all the property, real or personal, possessed by the said Isaiah Root at the time of his death; that Virginia Craig, Mary Powell, Minnie Joseph, and Beatrice McGhee, who through their attorney, L. A. Sanderson, filed objection to the report of the commissioners setting aside the real estate of Isaiah Root to his widow, Millie Root, are the next of kin of the said Isaiah Root.

"It is agreed between the parties that the only question at issue is whether or not, under the facts of this particular case, the said Millie Root, widow of Isaiah Root, is lawfully entitled to have the homestead set aside to her on her application filed more than twenty years after the death of the said Isaiah Root, the contention of the next of kin of the said Isaiah Root being that failing to file her claim for exemption within twenty years, her right to said exemption is barred by laches or by prescription of twenty years."

The decree of the probate court confirming and approving the report of the commissioners and vesting the title to the property here involved absolutely in appellee, contains the following language:

"By agreement of all parties to this proceeding in writing filed herein, it is stipulated and agreed that the only question at issue is whether or not the widow is lawfully entitled to have the homestead set aside to her on her application filed more than twenty years after the death of her husband.

"It is the opinion of the court that under the admitted facts in this case the failure of the widow to file her application for the exemption until more than twenty years after the death of her husband has not barred her of her right to do so."

■ There is no statute of limitation which prescribes the time within which a widow must present her petition to have homestead set aside where there has been no administration of decedent's estate, except that under the present statute (§ 694, Title 7, Code 1940) it cannot be filed within sixty days of the decedent's death. Buchannon v. Buchannon, 220 Ala. 72, 124 So. 113; Davis et al v. Bates, 239 Ala. 214, 194 So. 647.

■ Isaiah Root having died in 1914, the rights of the parties are judged by the statutes in force as of that date. Code 1907, §§ 4196, 4198, Code 1940, Title 7, §§ 661, 663; Haynes v. Haynes, 236 Ala. 331, 181 So. 757; Williams v. Overcast et al., 229 Ala. 119, 155 So. 543. The property here involved was occupied as a homestead by decedent at the time of his death and was all of the real estate which he owned in this state at that time; it did not exceed in area or value the exemption allowed by law. Therefore, the appellee took a life estate without the necessity of any act on her part. The law intervenes and makes an allotment in such cases. Cox et al. v. McLemore, et al., 236 Ala. 559, 183 So. 860; Franklin v. Scott et al., 227 Ala. 101, 148 So. 833. Likewise, the fee vested in appellee (assuming there were no minor children) as against creditors. § 4198, Code 1907, § 663, Title 7, Code 1940; Montgomery v. Hammond et al., 228 Ala. 449, 153 So. 654. Appellee's delay in filing her petition has not worked to the injury of the other heirs of decedent. As to children who had reached their majority at the time of their father's death, their right to succeed to his interest in the property could have been cut off at any time by proceedings to set it aside to the widow (and minor children, if any). Appellee was under no duty to file such proceedings during the minority of the children of decedent, for such minors (if any) could have proceeded by next friend. § 4224, Code 1907, § 694, Title 7, Code 1940. It is true that prior to § 702, Title 7, Code 1940, on arrival of a minor at full age, no proceeding to set apart the homestead and to vest a fee in him having been instituted, his homestead right ends and he takes his position as an heir at law of the estate. In Buchannon v. Buchannon, supra [220 Ala. 72, 124 So. 115], Mr. Justice Bouldin, in writing to this question for the court, said: "We find nothing in the statute nor in the policy behind exemption laws, which would limit the widow's right to interpose her claim to the period during which the status as to minority of children existing at the time of decedent's death still continues." The quantum of the estate which appellee

is to take was fixed by the death of her husband. Her interest in the fee has not been enlarged by the death or arrival of age of minor children (if any) who were living at the time of decedent's death. Buchannon v. Buchannon, supra. In view of the fact that there is nothing in this case to show that injury has resulted to the other heirs of decedent by appellee's delay in filing her petition, the doctrine of laches does not operate to bar her from having the property set aside to her at this time. Where the question of laches is presented, the facts and circumstances of each case govern the court in the exercise of the discretion thereby invoked for the determination of the inquiry. Waddail v. Vassar et al., 196 Ala. 184, 72 So. 14; Shepherd v. Kendrick et al., 236 Ala. 289, 181 So. 782. It has been often decided that mere delay that has resulted in no disadvantage to another or that has not operated to bring about changes of conditions and circumstances in consequence of which, "there can be no longer a safe determination of the controversy," will not serve to bar a complainant's right or remedy. Snodgrass v. Snodgrass, 185 Ala. 155, 64 So. 594; Waddail v. Vassar, supra. Nor can laches be imputed to one in possession. Woodlawn Realty & Development Co. v. Hawkins et al., 186 Ala. 234, 65 So. 183.

■ Appellants' main insistance is that appellee is conclusively barred from having the property set aside to her by the doctrine of prescription in that more than twenty years elapsed between the date of the death of her husband and the filing of the petition.

But we do not think that under the facts of this particular case appellee is barred by the doctrine of prescription for the reason that she has been in the open, continuous, notorious and exclusive possession of the property here involved since her husband's death. This right of possession is expressly conferred on her by the law. She has not undertaken to convey the property to anyone, nor has she done anything to change the status of the property since her husband's death or to alter the situation then prevailing. No act of omission or commission, by her, has adversely affected the rights of others. Harold Brothers & Scott v. Weaver, 72 Ala. 373; Branford v. Shirley, 238 Ala. 632, 193 So. 165, 167.

In Harold Brothers & Scott v. Weaver, supra, appellee brought suit for the reformation of a deed. Appellant demurred on the ground, among others, that the "bill shows that more than twenty years have elapsed since the mistake that is sought to be corrected, and does not show when it was first discovered by complainant, nor that he commenced suit as soon as he could after the discovery of the mistake." The demurrer was overruled and respondent appealed. Mr. Chief Justice Brickell, in writing for the court, said:

"And it may be admitted, that the long delay in applying for relief is not accounted for in the present case. It may be inferred from the bill, that the complainant was ignorant of, and did not discover the erroneous description of the lands, until a short time before the bill was filed. Mere general or inferential averments can not relieve from the consequences of long and unreasonable delay in the assertion of rights. James v. James, 55 Ala. 525. But we are not of opinion, that in the present case the statute of limitations, or the lapse of time, can be invoked as a bar to a correction of the mistake. There has not been, until a very recent period, the assertion of any right hostile to that of the complainant: he has had open, peaceable, and uninterrupted possession of the lands it was intended to convey, until he is clothed with a title upon which he can maintain or defend all legal remedies for the recovery of the lands. There is, however, an error in the muniment of his title, which may embarrass the alienation of the lands; which is calculated to engender a sense of insecurity, and may be a source of unfounded, vexatious litigation. The court can properly intervene for the correction of the mistake, under such circumstances, when it would refuse to intervene, if there had been the assertion of a hostile right, and an adverse possession for a much less period than twenty years."

In the instant case we do not have the element of adverse possession which was present in the case from which we have just quoted, but that case is authority for the proposition that the mere lapse of a period of twenty years is not always a bar.

To like effect is the case of Branford v. Shirley, supra, from which we quote as follows:

"As we understand the bill, complainant's mother, a child of Calvin and Laura Dykes, died before either of her parents; that she is now over twenty-one years of age, but when she became such age we do not find; that the covenant was broken in 1915, and

never thereafter observed by C. E. Dykes. So that if there was a right to vacate the deed, that right came into being in 1915, as alleged in the bill. At that time, the widow was in possession and remained in possession as long as she lived, and for over twenty years after the breach is alleged to have occurred. It is not alleged that complainant resided on the land at any time. So that after its breach, the right to vacate the deed, if it existed, was in the widow by virtue of her dower and homestead rights, and in the children or heirs. Any or all of them could then proceed to declare that right. But it was not necessary to take action by those, if any, who were in possession all that time, in the absence of adverse claims. Lewis v. Owen, 231 Ala. 480, 165 So. 229; First National Bank v. McIntosh, 201 Ala. 649, 79 So. 121, L.R.A.1918F, 353. No claim of laches or limitations has application to one in the full and sole possession of the rights sought to be barred. See, Williams v. Anthony, 219 Ala. 98, 121 So. 89.

"It is true that the heirs could also in that time have begun proceedings to that end, and perhaps should have done so, had the land been in possession of one claiming under the deed sought to be vacated, or had he asserted his adverse right in other respects, notwithstanding the widow was still in being. Herren v. Beck, 231 Ala. 328, 164 So. 904; Ussery v. Darrow, [238 Ala. 67], 188 So. 885(6). But their right was jointly with that of the widow in that respect, and her possession was theirs insofar as the rights of the persons who claim under that deed are concerned. If she was not barred on account of her possession, the heirs of Calvin Dykes should not be so held. Since there was no adverse claim under that deed until after the death of the widow in 1935, complainant is not barred by lapse of time on account of any applicable principle."

Appellants in support of their contention rely on the following cases: Thompson v. Miller, 204 Ala. 502, 85 So. 689; Buchannon v. Buchannon, supra; and Bishop et al. v. Johnson, 242 Ala. 551, 7 So.2d 281. We have given careful consideration not only to the opinions in each of these cases, but also to the original records, and find that they are not direct authority for appellant's position.

In Thompson v. Miller, supra, there were numerous grounds of exceptions interposed to the report of the commissioners, including the following: (1) That the widow had sold the land which she sought to have set apart to her as a homestead long prior to the filing of her petition; (2) that the commissioners set aside a lot which was in no way connected with the homestead; and (3) that the petition was filed more than twenty years from the date of the death of the husband. The opinion of the majority seems to have been rested on the fact that the widow had long since conveyed by deed all interest in the homestead and on the further ground that the lot was not connected with the homestead, and therefore it should not have been set aside to the widow. However, the last sentence of the opinion concludes as follows [204 Ala. 502, 85 So. 690]: "The court therefore holds that the exceptions to the report of the commissioners were well taken and should have been sustained and the petition dismissed." Even if this sentence is subject to the construction that all of the exceptions were well taken, it is not conclusive in the instant case for the reason that here the widow has occupied the property as a homestead continuously ·from the date of the death of her husband.

In the case of Buchannon v. Buchannon supra, Mr. Justice Bouldin, in writing for the court, commented on the decision in the case of Thompson v. Miller, supra, as follows: "The decision was rested on the fact that the widow had long since conveyed by deed all interest in the homestead." In the Buchannon case, the court held: "Our conclusion is that, so long as there is a widow and minor children, or either, having a possessory homestead right, an appropriate proceeding may be had to set apart the homestead and to judicially determine the facts upon which they take an absolute title." It is true that that decision was limited to proceedings had within twenty years from decedent's death. But it did not definitely decide that such a proceeding could not be successfully maintained after the expiration of twenty years from the date of the death of the husband. In fact, it is there said: "We need not decide whether the prescriptive period of 20 years would bar the proceeding, as that period had not elapsed in this case." There is nothing in the opinion or in the original record to show that the widow had been in continuous possession of the property since the death of her husband.

The case of Bishop v. Johnson, supra, does contain a quotation from the case of Buchannon v. Buchannon, supra, to the effect that the decision in that latter case was limited to proceedings had within twenty years from decedent's death, but it cannot be construed as being authority for the position here taken by appellants. There was no question of any kind involved as to the setting apart of exemptions to the widow. The question involved and decided in Bishop v. Johnson, supra, pertained to the statute of limitation for the recovery of land that had been adversely held for ten years, and we there applied § 36, Title 7, Code of 1940, which section gives to minors three years after becoming of age to bring such a suit, and held that that section did not apply or relieve the bar of the statute because the minors did not bring the suit within the period of three years after they reached their majority.

█ We have written to the above question because of the construction which has been placed on the cases of Thompson v. Miller, Buchannon v. Buchannon, and Bishop v. Johnson, supra, even though the appeal in this case must be dismissed for the reason that the decree of the probate court is void and will not support an appeal in that in the petition filed by appellee there is a fatal lack of the jurisdictional averment that at the time of decedent's death he was not survived by minor children.

In the case of Keenum et al. v. Dodson et al., 212 Ala. 146, 102 So. 230, 231, it was held that in proceedings to set aside homestead for widow under § 4224, Code 1907, § 694, Title 7, Code 1940, allegation that husband left no minor children was jurisdictional and that in the absence of such an averment a decree setting aside a homestead to the widow is void notwithstanding there is recital of jurisdictional facts.

It was there said:

"In order for the homestead to have vested absolutely in the widow either by operation of law or after being set apart as provided by sections 4198 and 4224 of the Code of 1907, the deceased husband must have left no surviving minor children, as they take with the widow and their right cannot be divested by a proceeding under sections 4224 or 4198 which latter provision relates to heirs of the decedent other than the widow and minor children. In other words, the amendment, as added to section 4198 of the Code of 1907, makes no change in the vesture of the homestead in the widow and minor children as against creditors or purchasers, but simply provides that in order for the title to vest absolutely, that is, in the widow and minor children left by the decedent as against the adult heirs, the same must be set apart. Miles v. Lee, 180 Ala. 439, 61 So. 915. The statute, having vested the title to the homestead in the widow and minor children jointly the probate court, had no jurisdiction or power to set the same apart and vest the title thereto in the widow to the exclusion of the minor children. The probate court only had the jurisdiction in the instant case to declare the ownership in the widow absolutely and exclusively, upon an averment in the petition and proof that the decedent left no minor children. Therefore, if we construe the present bill as charging that the petition did not contain this essential averment, the probate court had no jurisdiction to render the decree in question, and the decree would be void notwithstanding its recital of jurisdictional facts."

██ It is well settled that where a court whose jurisdiction is questioned is one of limited jurisdiction, it must appear from the face of the proceedings that it has acted within the scope of its jurisdiction. No presumption will be indulged from the mere exercise of jurisdiction or from the existence of jurisdictional facts. They will not be inferred but must affirmatively appear from the record. The jurisdiction of the probate court to set apart to a widow and minor children exemptions before administration is conferred by statute alone and in the exercise of that jurisdiction it is a court of limited jurisdiction. It is necessary, therefore, that the jurisdictional facts affirmatively appear from the record. Chamblee et al. v. Cole, 128 Ala. 649, 30 So. 630; Cogburn et al. v. Callier et al., 213 Ala. 46, 104 So. 330; Alford v. Claborne, 229 Ala. 401, 157 So. 226; Boozer v. Boozer, 245 Ala. 264, 16 So. 2d 863.

█ The probate court having no jurisdiction to render the decree here appealed from, the decree was void; a void decree will not support an appeal; this court can acquire no jurisdiction on such an appeal even by consent of parties; it must take notice of its own want of jurisdiction apparent on the record. The appeal in this cause must, therefore, be dismissed. Boozer v. Boozer, supra; Bell v. King et al.,

210 Ala. 557, 98 So. 796; State ex rel. Carrow v. Grayson, Judge, 220 Ala. 12, 123 So. 573; Gibson et al. v. Edwards, 245 Ala. 334, 16 So.2d 865.

The appeal is dismissed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.