6

68 So.2d 504

**SIMPSON et al. v. SIMPSON et al.**

3 Div. 658.

Supreme Court of Alabama.

Nov. 12, 1953.

Robt. H. Jones, Evergreen, for appellants.

Edwin C. Page, Jr., Evergreen, for appellees.

PER CURIAM.

This is an appeal from a final decree of the Probate Court of Conecuh County, presumably under section 775, Title 7, Code 1940, and was taken directly to this Court.

The proceeding in which the final decree was rendered is that provided by sections 694 et seq., Title 7, Code, and was begun by a petition of the widow and a child of one owning an eighty-acre tract and home in said county at the time of his death on January 20, 1914. The petition gave the present name, residence and age of each of the children of decedent. It alleged that at the time of his death he had only two minor children, one of whom died without issue and the other had reached the age of twenty-one years before this suit was begun and is a petitioner along with the widow. The record shows that the proceedings were had as provided by law, and that notice was given to the heirs and interested persons. The other essentials of section 694, supra, were alleged in the petition.

The petition was filed August 30, 1952, thirty-eight years after the death of decedent. On the same day (August 30, 1952), the probate court appointed and commissioned two persons, alleged to be disinterested landholders or freeholders of Conecuh County, to make full inventory of the real and personal property of decedent at the time of his death. The commissioners were directed by order of September 2, 1952 to set apart to petitioner Rhoda Simpson as the widow, and to petitioner Mattie Simpson as a minor child of deceased their proper interest in the land and personal property owned by decedent at the time of his death. On September 2, 1952 said commissioners filed their report with the judge of probate in which it is stated as follows: "We have set off and allotted said lands as above described to the said widow, Rhoda Simpson, and to Mattie Simpson, the minor child surviving James Simpson, deceased, as exempt to the said widow and minor child as provided by laws of the State of Alabama", and then, "the same to vest in the said Rhoda Simpson and Mattie Simpson as provided by law". That was as to the homestead. The commissioners further reported that after thirty-eight years from the death of James Simpson, Sr., the personal property had disintegrated or had been consumed by said widow and minor children.

The report was set for hearing and notice given to all the heirs. On the day set a large number of heirs filed exceptions to the report on two grounds, both of which were directed to one essential claim. That is, that the eighty acres were of greater value than the amount exempt as fixed by law for the widow and minor children at the time of the death of deceased. Evidence of witnesses, testifying in the presence of the court, was taken on that issue. At the conclusion of such testimony the court expressed the opinion that the value of the land in question was on January 20, 1914 of less value than $2,000 and was exempt to the widow, Rhoda Simpson, and the minor child, Mattie Simpson, and ordered, adjudged and decreed that said widow and minor child are entitled to a homestead exemption of said land; that decedent left surviving two minor children, one of whom has died leaving no children; that two-thirds' interest in said land is exempt to Rhoda Simpson, the widow, and Mattie Simpson, the minor, share and share alike, and set aside to them a two-thirds' interest in said land and that the same vest absolutely and in fee simple in said widow and minor as provided by law. The assignments of error for the first time raise the point, as shown by the record, that it was improper to set aside or vest in Mattie Simpson an interest because she was a minor at the time of the death of her father.

The objection now made that the decree of the probate court cannot serve

to vest title either in the widow or in Mattie Simpson, who is the only surviving child who was a minor at the time of the death of her father, James Simpson, Sr., goes to the power and jurisdiction of the probate court which appears on the face of the proceeding. Therefore, if under the law the probate court was not possessed of such power and jurisdiction that feature of its decree has no force and effect, and it was not necessary to make objection to the report of the commissioners to that effect nor to take note of the decree of the court with reference thereto. It is void, if at all, on collateral attack. The statute did not intend to confer such power upon the probate court. Craig v. Root, 247 Ala. 479, 25 So.2d 147; Walton v. Walton, 256 Ala. 236, 54 So.2d 498.

Moreover, the decree of the probate court is an erroneous interpretation of the law as it then existed. The Code of 1907 provided the law of this case since the decedent died in 1914. The legal status at that time was that it was necessary to have such proceeding to vest title in one who was a minor child at the death of decedent begun during the minority of the child. If the proceeding is not begun during the minority of the child, that child after he becomes of age takes his place at the window with the other heirs at law sharing equally with them, and there is no precedence by virtue of having been a minor at the death of the parent. Buchannon v. Buchannon, 220 Ala. 72, 124 So. 113; Faulk & Co. v. Boutwell, 242 Ala. 526, 7 So.2d 490.

The effect of that legal status is that the facts found and adjudged by the decree serve to vest in the widow an undivided one-third interest in the land in fee and the right to use it all under her quarantine claim until dower is set apart, and it is immaterial what the decree of the probate court may have adjudged in that respect.

The foregoing is with reference to the assignments of error which raise that question, but the other assignments of error raise the question which was actually tried and litigated in the probate court. That is, the contention that the land in question being only eighty acres and constituting the homestead of decedent at the time of his death exceeded in value $2,000. There is no question involved of encumbrances, liens or other circumstances which should be taken into consideration other than the market value of the land at the time of decedent's death. Testimony of witnesses was taken by both parties to that controversy and that testimony is set out in the record. It does not correspond. There is conflict in it, but it is primarily expressive of the opinion of the witnesses. Those witnesses appeared in person and testified before the judge who was in better position than we are to weigh their testimony. The judge found, as he expressly stated, that the land together with the improvements did not exceed in value $2,000 at the time of the death of decedent. We are not disposed to reverse that finding. The result is that the decree of the probate court should be modified so as to eliminate from it all adjudication as to the vesting of title and, particularly, to eliminate that feature in which it is decreed that Mattie Simpson still has an interest as a child who was a minor at the time of her father's death. As so modified the decree of the probate court should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, § 32, Code, and was adopted by the Court as its opinion.

Modified and affirmed.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.