148 So.2d 214

Minnie J. EARLY

v.

Mary E. JONES.

7 Div. 527.

Supreme Court of Alabama.

Dec. 20, 1962.

Hawkins & Rhea, Gadsden, for appellant.

Frank B. Embry, Pell City, and Victor H. Smith, Birmingham, for appellee.

## PER CURIAM.

Appellant filed her petition in the probate court of St. Clair County, with proper jurisdictional allegations, to have the interest of her deceased husband in certain real property left by him at the time of his death, on or about June 19, 1917, set apart to her as a homestead. She prayed that the title thereto be vested in her absolutely and in fee simple, free from any claims of the next of kin, heirs-at-law, or other persons. Also, she asked for general relief to which she may be entitled under the laws of Alabama.

The petition described certain real estate, one-half interest in some of which it was alleged her husband owned at the time of his death, and the remainder full ownership. She alleged that the latter parcel was, after the death of her husband, conveyed by the register of the circuit court of St. Clair County to appellee, Mary E. Jones.

The petitioner further alleged that deceased, at the time of his death, left one minor child, who has since attained the age of 21 years, and a daughter, Mary E. Jones.

Also contained in the petition were averments that the real estate described was all the real estate owned by decedent at the time of his death, was worth less than $2,000.00, and did not exceed 160 acres in area. Also, she averred that she had been appointed administratrix of her husband's estate, and that he died in St. Clair County.

Three commissioners, appointed by the court pursuant to the prayer of the petition, reported that the real estate described in the petition was, at the time of the death of J. H. Early, less in area than 160 acres and worth the sum of $2,000.00. They also reported that so far as known the land was free from encumbrances and liens when the husband died.

The report also set the real estate apart to the widow as a homestead. It is to be noted that there is a slight variance between the report of the commissioners appearing in the record and the copy of the report set out in the decree as it appears in the record.

The daughter, Mary E. Jones, was, on June 15, 1960, served with notice by the sheriff of St. Clair County that the commissioners had filed in the office of the judge of probate of that county on March 26, 1960, their report and that the same was set to be heard on July 5, 1960, at 3:00 p. m. Like notice was served on petitioner and one James M. Early.

On August 1, 1960, Mary E. Jones filed an exception to the report, with Grounds 1, 2, and 3. She consented for the lands de-

scribed in the petition to be set aside to petitioner for life, but objected "against the title to the lands sought to be set aside as exempt of the title vesting in petitioner absolutely and in fee simple, for that the law does not authorize the title to vest in petitioner absolutely but only for her life." Thirdly, she objected, "For that James M. Early is not entitled to any interest, right or title in the lands sought to be set aside, not being an heir at law of the J. H. Early, deceased."

The probate court, on August 24, 1960, entered a decree confirming the report of the commissioners. It sustained a ground of the exception filed by Mary E. Jones and ordered the lands set apart to petitioner as a homestead for life only.

Then the court stated that in its opinion "* * * under Section 697 of the Code 1940 Pocket Parts that the widow is not entitled to have the title to the lands vested in her absolutely, which finds support in the Case of Mitchell vs. Mitchell, [258 Ala 572], 64 So.2nd Pg. 104."

We have examined the section of the Code (Title 7) to which the court referred. It amends Articles 3 and 4 of Chapter 13, Title 7, Code of Alabama 1940, and became law when the Governor approved it on September 12, 1951. This was before petitioner's husband in the Mitchell case died. He died on December 21, 1951, according to the statement in the decision. See Act No. 911, General Acts 1951, page 1558.

■ Petitioner alleges in the petition before us that her husband died on or about June 19, 1917, in St. Clair County. This being true, the homestead exemption law in force and effect at that time would control and govern the rights of petitioner, and not the law subsequently enacted by original act or by amendment. Craig v. Root, 247 Ala. 479, 25 So.2d 147 [2].

■ The exception of Mary E. Jones to the commissioners' report came too late. § 4211, Code 1907, now Title 7, § 676, Code 1940, required the exception be filed within thirty days after making the report. See also Hicks v. Ward, 240 Ala. 236, 198 So. 705 [2]. The trial court erred in giving consideration to the exception. On motion the exception may now be stricken.

■ The allegations in the petition that decedent died in St. Clair County and that petitioner was appointed administratrix of his estate carry an inference of reasonable import that decedent at the time of his death was a resident of St. Clair County. If not, the omission was not jurisdictional but subject to exception. Singo v. Mc-Gehee, 160 Ala. 245, 49 So. 290.

In the last cited case, this court, in construing § 4224, Code 1907, which required the petition for exemptions to be filed in the county of decedent's residence at the time of his death, held that the omission of such averment was not jurisdictional, and it was sufficient if such fact was ascertained and set out in the decree.

■ The commission here did not direct or authorize the commissioners to set apart homestead exemptions to petitioner. The report returned and filed by the appraisers set apart the real estate to the petitioner as a homestead. The lack of specific direction or authorization to perform this duty was not the subject of exception.

While the petitioner makes no specific reference, it is probable that it was filed pursuant to § 4209, Code 1907, (now § 674, Title 7, Code 1940), which does not require that the order appointing the appraisers contain specific direction or authorization to set apart homestead exemptions. The duty to do so was there imposed by the statute as an incident to the appointment. The other statutes authorizing the appointment of appraisers and commissioners to appraise and set apart homestead exemptions in our opinion carry the same authority without specific direction. The failure to recite such specific authority is a mere irregularity cured by the performance of the duty.

■ Appellee's counsel, in his brief, has aptly pointed out some other deficiencies and inaccuracies in the proceedings filed by appellant in the court below. While we do not think the petition and other proceedings are paragons or models of perfection, accuracy and perspicuity, we think they are sufficient to give the probate court jurisdiction to proceed as it did do. We can find no jurisdictional defects. Had timely and proper exception been filed, some of the apparent omissions would have been subject thereto. Exception now comes too late.

■ The trial court in this proceeding was and is without legal compulsion to incorporate in its decree a provision setting apart in fee to the widow the real property described in the petition. T. S. Faulk & Co. v. Boutwell, 242 Ala. 526, 7 So.2d 490. We observed there that the holding in the probate court decree that the petitioner, Steiner Booker, was entitled to the fee title was erroneous on its face. We further said: " * * * Indeed no necessity existed for the decree to expressly declare the interest. The necessary facts being ascertained and recited in the decree, the law vests the title 'whether the decree does or does not expressly so declare'. Miller v. First National Bank, 194 Ala. 477, 69 So. 916, 918."

■ We think it only necessary for the probate court after this remandment to find and declare the facts. But such declaration must not be inconsistent with the finding of facts with respect to the value of the land, its area, and that it was all the decedent owned at the time of his death as found by the commissioners. The report is due to be confirmed as has already been done since there were no exceptions filed thereto. Reconfirmation for the sake of the record might not be amiss. Questions of title to any of the lands set apart have no place in this proceeding as this court is without authority here to settle title.

■ We are not in accord with petitioner's contention,—assuming as true that decedent died in 1917, had at the time an adult daughter, appellant here, and one minor child, who has since attained his majority,—that she is entitled to fee simple title to her husband's interest in the property described in the petition. Omitting the question of title, she would be entitled to fee in only one-half of the decedent's interest in the real property described in the petition. See T. S. Faulk & Company, supra; Buchannon v. Buchannon, 220 Ala. 72, 124 So. 113. These cases hold that the interest of petitioner in the property is not enlarged by the minor becoming of age. After attaining his majority, the minor, James M. Early, was not entitled to homestead rights in the property. On such attainment he takes his position as an heir-at-law to the estate.

■ The confirmation by the trial court of the commissioners' report was not error. But the inclusion in the decree of a limitation of petitioner's homestead rights for her life only was error. This is so because the decree does not contain a finding of facts from which the interest and estate of petitioner can be determined. In the absence of a finding of facts, consistent with the proof, that are essential to a determination from the face of the decree as to the interest and estate of petitioner in the lands, the limitation expressed in the decree before us was not obviously surplusage or void, but was seemingly binding and operative. This inclusion, responsive to the exception belatedly filed, was prejudicial error to reverse.

The foregoing opinion was prepared by B. W. SIMMONS, Supernumerary Circuit Judge, while serving on the Supreme Court at the request of the Chief Justice, and was adopted by the court as its opinion.

Reversed and remanded, with directions to the lower court to enter a decree in conformity with the foregoing opinion.

LIVINGSTON, C. J., and SIMPSON, MERRILL, and HARWOOD, JJ., concur.