40 So.2d 708

**SHULL et al. v. SHULL et al.**

**8 Div. 503.**

Supreme Court of Alabama.
March 31, 1949.

Rehearing Denied May 26, 1949.

Marvin M. Eubanks, of Decatur, for appellants.

Julian Harris and Norman W. Harris, both of Decatur, for appellees.

FOSTER, Justice.

The question on this appeal is limited in the argument to the value of eighty acres of land owned by G. W. Shull at the time of his death on May 23, 1944, and occupied by him at the time as a homestead. There is no dispute that he owned no other land. The petition was filed by the widow under section 694, Title 7, Code, on the 11th of March, 1948. The petition contained the allegations required by that statute.

The deceased left surviving besides the widow, thirteen children of whom four were minors. Of them it is alleged that one, Alma, was then twelve years of age, and had died in February before the petition was filed in March 1948; that she had never married and left no descendants, and left as her only heirs at law her mother and the other twelve children of decedent, all of whom were named.

The court appointed two commissioners, as provided in section 694, supra, who made their report declaring that said eighty acres were the homestead of deceased at the time of his death, was the only real estate he owned at that time, and was valued by them at $1800.00. After notice was give to them of the filing of the report, exceptions were filed by six adult heirs of deceased, upon the ground that the eighty acres of land were worth more than $2,000.00 at the time of the death of deceased.

The issue thus made was heard by the probate judge on the testimony of witnesses given before him on the trial in open court. He made a finding of facts, reciting the substance of the evidence, and concluding that the land did not exceed in value $2,000.00 at the time of the death of deceased. All the other requirements of section 694, Title 7, supra, were without the issue made by the contest and were conceded.

The probate court entered a decree that the exceptions be disallowed and the report of the commissioners confirmed, and that said eighty acres of land be set aside, allotted and awarded to the said Lizza Shull (the widow), Ira Shull, Levie Shull Furlong and Tavia Shull Casola (the living minors), as their homestead exemption, and that an undivided one-fifth interest in the land be vested in each of them. The decree left unallotted the one-fifth interest of Alma, who was a minor when her father died, but died before the petition was filed.

As we have said, the only contested question here is whether the finding and decree of the probate court as to the value of the land at the time of the death of G. W. Shull should be reversed on this appeal.

What was said by this Court in the case of Tolar v. Clemons, 250 Ala. 16, 33 So.2d 21, would apply in all respects in response to the contention here made. We could do no better than refer to it as expressive of our opinion on the issue thus made. This we do.

But the decree leaves a matter which is incomplete, and no reference is made to it in briefs of counsel. We have said no award was made of Alma's share. We think the statutes contemplate that the entire ownership be allotted in the decree to those who are entitled to it under applicable statutes. Buchannon v. Buchannon, 220 Ala. 72, 124 So. 113. This does not imply a trial of a claim of title adverse to that of a deceased ancestor, which we have held to be unavailable in this proceeding. Howton v. Howton, 249 Ala. 122, 30 So.2d 1.

The amended law as set forth in Section 702, Title 7, Code, provides that the property exempt and set aside vests title in the widow and minor children who were minors at the death of their deceased parent, though such minors be twenty-one years of age at the time of the allotment. It makes no provision as to the result of the death of a minor before allotment.

Without that statute, thus amending the law, the arrival of a minor of full age before a petition for allotment was filed,

served to cut him off, but did not enlarge the widow's share. Buchannon v. Buchannon, supra. He merely took his place with the other heirs of his deceased parent who thereby became vested with that interest.

And if pending insolvency proceedings, the widow dies before the adjudication, we have held it cannot vest title in her since she was dead, and her heirs are not substituted in her place, but her deceased husband's heirs as such take her share. Martin v. Cothran, 240 Ala. 619, 200 So. 609. The same is true in allotment proceedings under section 694, supra. Walker v. Hayes, 248 Ala. 492, 28 So.2d 413, Craig v. Root, 247 Ala. 479, 25 So.2d 147.

We think that the status of a minor dying before allotment is the same in that respect as the status of the widow thus dying within the contemplation of section 702, supra, which makes no change here material. Of course, it could not vest in the deceased minor. The result would be different if it vested in the heirs of the minor than if it vested in the adult children of her father.

But to be consistent with our former cases, we think the heirs of the deceased parent, as such, inherit from him that one-fifth interest: not the heirs of Alma. She never acquired that interest to be descendable to her heirs. This would mean that Alma's one-fifth interest should be allotted in equal part to the children of G. W. Shull who were adults at the time of his death. That is, that each of said nine adult children named in the petition should have an undivided one-ninth of an one-fifth interest in the land. Of course, such interest is subject to the right of occupancy by the widow as long as she lives and by the minors until they arrive at full age, section 661, Title 7, Code, except as therein provided. Buchannon v. Buchannon, supra.

The judgment of the probate court is modified as above indicated, and otherwise affirmed.

Modified and affirmed.

LIVINGSTON, LAWSON, SIMPSON and STAKELY, JJ., concur.

BROWN, J., dissents.

BROWN, Justice (dissenting).

I am not in agreement with the interpretation made by the majority as to the meaning and effect of the decree of the probate court from which this appeal is prosecuted. While said decree standing alone is not expressed in the clearest verbiage, it is made clear when read in connection with the report of the commissioners setting apart and allotting homestead exemptions to the widow and minor children of the decedent living at the time the report was made and the proceedings instituted. The decree confirms the report and vests in said exemptioners the legal title to said property, as provided by the statute. Code of 1940, Title 7, § 702. It leaves nothing open for administration or distribution to the nine adult heirs at law of said decedent under the statutes of descent and distribution in consequence of the death of the youngest child Alma. Nor was the right of the adult heirs to inherit from Alma within the scope of the proceedings or the statutory and limited jurisdiction of the probate court. The statute authorizing the proceedings makes no provision for the right of succession to property set apart as exempt to the widow and minor children from administration and the payment of debts. The language in which it is couched leaves no doubt as to its purpose. As has often been stated, the purpose of the statute is to secure to the widow and minor children a home, and if the land (the subject of the exemption) is all the real estate owned by the decedent at the time of his death and it does not exceed in area and value the amount exempt to the widow and minor children, the mandate of the statute is that it be "decreed or determined to vest title absolutely in the widow and minors."

There are no complications as to the law governing the exemptioners' rights. The decedent died since the statute was amended and as it now appears in said § 702, supra. Certainly there is no special significance in the fact that Alma inherited with all the other heirs, including the minors, the legal title to the property and that it passed to them under the statutes of descent and distribution. Her right as an heir is no higher or greater than the right of the adult heirs and the effect of her death on the pro-

ceedings was to cut off the right of inheritance under the statute of descent and distribution along with other heirs and to vest in the widow and minor children then living the entire title to said property. The statute provides:

"In all proceedings under this chapter to set aside, allot or decree homestead exemptions to the widow or minor children, where the title to the property so exempt or set aside vests title absolutely in the widow or minor children, one or both, the children who were infants or minors at the death of their deceased parent shall be held to take jointly with the widow and other minors or infants, if such there be, though such minors or infants be twenty-one years of age at the time the homestead is allotted, set apart, decreed or determined to vest title absolutely in the widow or minors."

The majority relies strongly on the case of Buchannon v. Buchannon, 220 Ala. 72, 75, 124 So. 113, 115, in which case the only question presented was whether or not the delay of proceedings to set apart the exemptions until the minor children became of age entitled them to the benefit of the statute. The law was plainly stated in that case in the following language:

"Our conclusion is that, so long as there is a widow and minor children, or either, having a possessory homestead right, an appropriate proceeding may be had to set apart the homestead and to judicially determine the facts upon which they take an absolute title. We limit this decision to proceedings had within 20 years from decedent's death. The property should be set apart only to the widow and minor child or children, or to minor child or children, who are minors at the date of such proceedings, and an absolute title vests in them only."

Following this plain declaration of the law, the writer of the opinion in that case undertook to explain and interpret his language and it is this dictum, constituting the 10th section of that opinion, that the majority follow rather than the plain declaration of the law in that case.

The case of Williams v. Overcast, 229 Ala. 119, 127, 155 So. 543, was a bill filed to set aside the decree of the probate court challenging the same as void and subject to be vacated on collateral attack. The court ruled in that case that the decree was not void and that the bill was without equity. The only part of the opinion applicable to the case in hand is the following, found on page 127 of 229 Ala., on page 550 of 155 So.: "The other Justices adhere to the decision in Buchannon's case, and hold that Charlie Overcast was not entitled to the benefit of the enabling statute (section 7956, Code), and that when he became of age without the homestead being set aside, he took his place with the other adult heirs."

In Craig v. Root, 247 Ala. 479, at page 481, 25 So.2d 147, at page 148, the decedent died in 1914 and the provisions of the exemption statutes applicable to that case were embodied in the Code of 1907, as stated in the opinion of the court: " 'It is agreed between the parties that the only question at issue is whether or not, under the facts of this particular case, the said Millie Root, widow of Isaiah Root, is lawfully entitled to have the homestead set aside to her on her application filed more than twenty years after the death of the said Isaiah Root, the contention of the next of kin of the said Isaiah Root being that failing to file her claim for exemption within twenty years, her right to said exemption is barred by laches or by prescription of twenty years.' " The widow having remained in possession, that contention was denied, this court in that case properly holding, " * * * 'We find nothing in the statute nor in the policy behind exemption laws, which would limit the widow's right to interpose her claim to the period during which the status as to minority of children existing at the time of decedent's death still continues.' * * *." This quotation was taken out of the Buchannon case, supra, and is applicable to the Root case, the rights of the parties being fixed at the time of the death of the decedent in that case. The Root case, supra, has no bearing on the question which we have here.

The case of Walker v. Hayes, 248 Ala. 492, 496, 28 So.2d 413, is also cited and relied on by the majority. The question presented in that case was brought about by the widow's death, there being no minor children, after the proceeding was commenced and before the report of the com-

missioners appointed to set apart the exemptions was confirmed by decree of the probate court. That case holds that the affect of the widow's death, there being no minor children, was to terminate the right of any person to have the exemptions set apart. That case is an authority for the proposition that the death of Alma, the young child in the instant case, terminated her right to claim exemptions or to any right or benefit from exemptions claimed by the other minor children and the widow. By her death before the exemptions were set apart, her rights as an heir at law were in the same class as the rights of the adult heirs to take under the statute of descent and distribution. And all those rights were cut off by the exemption proceedings.

The effect of the majority opinion is to becloud the title of the widow and minor children and put a weapon in the hands of the adult heirs at law of the decedent to annoy them in the enjoyment of their homestead rights.

I am of opinion that the decree should be affirmed without any explanation or correction and I, therefore, respectfully dissent.

### On Rehearing

FOSTER, Justice.

Appellees call attention to an apparent inconsistency between Buchannon v. Buchannon, 220 Ala. 72, 124 So. 113, and Haynes v. Haynes, 236 Ala. 331, 181 So. 757, and suggest that we make it clear that Haynes v. Haynes, supra, is to that extent overruled. But in respect to any such inconsistency it was said in Faulk & Co. v. Boutwell, 242 Ala. 526, 7 So.2d 490, that the Court adheres to the Buchannon case, supra, pointing out that it was so recognized also in Bishop v. Johnson, 242 Ala. 551, 7 So.2d 281. In Faulk & Co. v. Boutwell, supra, it was earnestly argued by eminent counsel that it should not be considered as further authoritative, but the argument was not accepted.

 We think the point is fully settled that when a homestead is set aside under section 702, Title 7, Code, to the widow and minors, and for any reason the title does not vest in one or more of them, the entire

interest does not vest by such proceeding in those who are then entitled to take under section 702, Title 7, supra, and that the share which they do not take descends to the heirs of the deceased homestead owner. This view is approved apparently by counsel on this application, but argue that the one-fifth interest which never vested in Alma on account of her death was inherited by all the heirs of the deceased homestead owner, including the minors and including Alma; and that when Alma died her share descended one-half to her mother and one-half to the other twelve children of decedent.

 That theory was not overlooked by us in considering the question and its logic is plausible. But we think that the homestead statutes, supra, and the descent and distribution statutes, Title 16, Code, should be treated in pari materia and as formulating a consistent whole in the matter of descents. When the homestead statutes, sections 661, 694 and 702, Title 7, Code, provide for the vesting of the legal title of the homestead in the widow and minors, and when the widow and some of the minors take a fee title under those statutes, we do not think that by Title 16, Code, it was intended that as heirs of the deceased homestead owner those minors should take a fee title both under Title 16, supra, and under the homestead statutes, sections 661 and 702, Title 7, supra, in respect to the homestead.

We know of no analogy which would support the theory that one and the same child in that relationship alone would inherit from an ancestor a fee title interest in a piece of property because he is a minor and from the same ancestor another interest in fee in the same property because he is an heir regardless of his age.

We think the vesting of the fee title in the widow and minors of the homestead is in lieu of the descent of such title in the homestead to them under the law of descent and distribution. Title 16, Code. We do not think the harmony of our statutes supports the theory that a minor child may inherit from the same ancestor a fee title in the homestead as a minor child and another such title in the same

property as an heir irrespective of his age. On like principles, the widow did not have a dower right in that one-fifth interest in addition to the fee she took by virtue of her homestead rights.

■ Because of her death, the title to an interest in the homestead never vested in Alma by reason of her being a minor child. Her only interest in the inheritance therefore was under section 1, Title 16, Code, as though she were an adult heir. There were nine other adult heirs, making ten with her, who inherited from the deceased owner the one-fifth interest which would have vested in Alma had she lived until it was set aside under sections 694 and 702, Title 7, Code.

So that the status of the rights of the parties should be computed on the following basis: Alma inherited a 1/10th of 1/5th of the whole. That is a 1/50th of the whole. When she died, her mother inherited from her one-half of that interest or 1/100ths of the whole. Section 1, Title 16, Code. The other 1/100ths was inherited by the twelve remaining brothers and sisters, so that each inherited from Alma a 1/12th of the 1/100ths' interest or a 1/1200ths' interest in the property. The respective interest of all the parties is as follows:

| | |
|---|---|
| Lizza Shull 1/5th plus 1/100ths equals 21/100ths | 252/1200ths |
| Ira Shull 1/5th plus 1/1200ths equals | 241/1200ths |
| Levie Shull Furlong 1/5th plus 1/1200ths equals | 241/1200ths |
| Tavia Shull Casola 1/5th plus 1/1200ths equals | 241/1200ths |
| Nine remaining children each 1/50th plus 1/1200ths equals 25/1200ths | 225/1200ths |
| | 1200/1200ths. |

As thus modified, the application for rehearing is overruled.

LIVINGSTON, LAWSON, SIMPSON and STAKELY, JJ., concur.

BROWN, J., dissents.