This is an action by Arthur Hicks, Jr., concerning property in Jefferson County owned by his wife Geneva Hicks prior to her death. Mr. Hicks and the deceased occupied the premises as a homestead at the time of her death.
Mrs. Hicks died intestate on May 13, 1975. She left surviving her Arthur Hicks, Jr., her husband; one brother, W.J. Stallworth (appellant herein); and the children of a deceased sister. Mr. and Mrs. Hicks had no children. Under the laws of intestate succession in effect on the date of Geneva Hicks's death, Code of Alabama 1940, Title 16, § 1 (5) (Recomp. 1958), the realty passed to the brother, W.J. Stallworth, and the children of the deceased sister.
Mr. Hicks, as the surviving spouse of Geneva Hicks, asked the trial court to declare that he was entitled, under the homestead laws of Alabama, as construed by this Court in Ransomv. Ransom, 401 So.2d 746 (Ala. 1981), to fee simple ownership in the property. On motion for summary judgment by the plaintiff, the trial court stated in its order, "It is the opinion of this court that Ransom v. Ransom, supra, extended to widowers the right granted to widows under Title 7, Section 663 and that thus the plaintiff, Arthur Hicks, Jr. is entitled to the fee simple title to the property."
The question presented to this Court is whether it was erroneous to give retroactive application to the holding inRansom where vested property rights would be divested thereby. We hold that it was error for the trial court to do so. *Page 230 
The laws of intestate succession in effect at the date of decedent's death control the descent of real property. Mordecaiv. Scott, 294 Ala. 626, 320 So.2d 642 (1975). Under that law, Code of Alabama 1940, Title 16, § 1 (5) (Recomp. 1958), the rights of the brother and the sister's children in the property accrued at the date of Mrs. Hicks's death. At that time the surviving husband had no rights under the homestead laws. See, Code of Alabama, 1940, Title 7, § 661, et seq. (Recomp. 1958).
In Ransom, supra, this Court held that the homestead law was underinclusive, and extended its applicability to widowers. The plaintiff has asked this Court to give that holding retroactive effect. We decline to do so for two reasons: first, there is no constitutional requirement that we do so, and second, there are overwhelming public policy considerations which compel us to the opposite result.
In Chicot County Drainage District v. Baxter State Bank,308 U.S. 371, 374, 60 S.Ct. 317, 318, 84 L.Ed. 329 (1940), the United States Supreme Court stated:
 "The courts below have proceeded on the theory that the Act of Congress, having been found to be unconstitutional, was not a law; that it was inoperative, conferring no rights and imposing no duties, and hence affording no basis for the challenged decree. Norton v. Shelby County, 118 U.S. 425, 442 [6 S.Ct. 1121, 1125, 30 L.Ed. 178]; Chicago, I. L. Ry. Co. v. Hackett, 228 U.S. 559, 566
[33 S.Ct. 581, 584, 57 L.Ed. 966]. It is quite clear, however, that such broad statements as to the effect of a determination of unconstitutionality must be taken with qualifications. The actual existence of a statute, prior to such a determination, is an operative fact and may have consequences which cannot justly be ignored. The past cannot always be erased by a new judicial declaration. The effect of the subsequent ruling as to invalidity may have to be considered in various aspects, — with respect to particular relations, individual and corporate, and particular conduct, private and official. Questions of rights claimed to have become vested, of status, of prior determinations deemed to have finality and acted upon accordingly, of public policy in the light of the nature both of the statute and of its previous application, demand examination. These questions are among the most difficult of those which have engaged the attention of courts, state and federal, and it is manifest from numerous decisions that an all-inclusive statement of a principle of absolute retroactive invalidity cannot be justified."
More recently, the United States Court of Appeals for the Fifth Circuit struck down a Louisiana law which allowed community property to be mortgaged by the husband without the wife's consent. The law was declared unconstitutional on the basis of the equal protection clause of the United States Constitution. However, the court refused to give its decision retroactive effect, stating:
 "We apply our decision today prospectively only, because a holding of retroactive invalidity of article 2404 would create a substantial hardship with respect to property rights and obligations within the State of Louisiana.
". . . .
 ". . . Since our decision could produce substantial inequitable results if applied retroactively, we avoid that `injustice or hardship' through a holding of non-retroactivity."
Kirchberg v. Feenstra, 609 F.2d 727, 735-6 (5th Cir. 1979). Thus, where a statute is struck down as unconstitutional, there is no mandate that the holding be given retroactive application in every case.
We are also compelled to reach this result on the grounds of public policy. Among the policy considerations are, "[t]he quieting of litigation; the public peace and repose; respect for judicial administration of the law, and confidence in its reasonable certainty, stability and consistency." Bibb v. Bibb,79 Ala. 437, 444 (1885).
We are of the opinion that this Court's holding in Ransom
requires further examination. That is, it is clear, as stated *Page 231 
therein, "[t]hat the homestead act, which uses the operative word `widow,' is gender-based and beyond rational support as against a constitutional challenge." 401 So.2d at 748. However, we will not apply this determination retroactively to claims which arose under the homestead laws before Ransom was decided where property rights would be divested thereby. This result is required, so that parties who have justifiably and reasonably relied on the laws of this state, as previously interpreted by this Court, will not be defeated in their expectation.[1] SeeJackson v. Fillmore, 367 So.2d 948 (Ala. 1979).
In Ransom we were not required to divest anyone of property rights acquired under the homestead law in effect at the time of decedent's death. In the case before us, appellant's rights in the property vested at the time of Mrs. Hicks's death. To divest parties of real property acquired under the laws of intestacy in effect at the time of the decedent's death would create a cloud on the title of a great many parcels of real property in this state. Since there is no constitutional requirement that our interpretation of the statute be applied retroactively, we hold that the trial court erred in giving retroactive application to Ransom, supra, thus divesting the appellant of property rights that vested at Geneva Hicks's death. The judgment of the trial court is reversed and the case is remanded.
REVERSED AND REMANDED.
MADDOX, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
JONES, J., concurs in the result.
FAULKNER and ADAMS, JJ., recused.
[1] See generally, Comment, Prospective Application of JudicialDecisions, 33 Ala.L.Rev. 463 (1982).