STEAGALL, Justice.
Daisy King Daffin died intestate on January 15, 1988. She was survived by her sister, Bernice D. McClure; her grandnephews, William M. Lewis and Donald K. Fraser; her grandniece, Maurine F. Atwood; her nephew, John W. Johnston;[1] two adopted children of her predeceased brother, Bobbie Lee Daffin and Tommie Lee Daffin; and two adopted children of her predeceased niece, Joyce Gilstrap James and Joce Gilstrap Crook Worley.
On February 22, 1990, Rebekah McClure Noble, as the administratrix of the estate of Daisy Daffin, deceased, filed a declaratory judgment action against McClure, Lewis, Fraser, Atwood, the personal representative of Johnston, and Bobbie and Tommie Daffin to determine who is entitled to inherit from Daisy Daffin’s estate. Specifically, Noble requested the court to determine whether the adopted persons are entitled to an intestate share of the estate. Noble subsequently amended her complaint, adding James and Worley as defendants. The trial court entered a judgment declaring that the adopted persons are entitled to inherit from the estate, and McClure appeals.
McClure contends that under the law of adoption and descent and distribution in effect in 1988, the adopted persons are not entitled to an intestate share of Daisy Daf-fin’s estate. In support of her contention, McClure cites Gamble v. Cloud, 263 Ala. 336, 82 So.2d 526 (1955), wherein this Court held that under Ala.Code 1940, tit. 27, § 5, the statute controlling that case, there was *378 no provision for an adopted child to inherit from collaterals or persons other than the adoptive parent or parents. The Court, in Gamble, concluded that the adopted child of a deceased brother of the testatrix had no right to inherit from the testatrix’s estate.
The inheritance rights of adopted persons are governed by the law of adoption and descent and distribution in force at the time of death of the person whose estate is involved. Stallworth v. Hicks, 434 So.2d 229 (Ala.1983). The law governing the inheritance rights of adopted children at the time of Daisy Daffin’s death was Ala.Code 1975, §§ 26-10-5(b) and 43-8-48.
Section 26-10-5(b) provides, in pertinent part:
“The adopting parent or parents of the child shall be invested with every legal right in respect to obedience and maintenance on the part of the child as if said child had been born to them in lawful wedlock, including the right of said adopting parent or parents of inheritance to real estate and to the distribution of personal estate on the death of such adopted child as if said child had been born to them in lawful wedlock, and the child shall be invested with every legal right, privilege, obligation and relation in respect to education, maintenance and the rights of inheritance to real estate and to the distribution of personal estate on the death of such adopting parent or parents as if born to them in lawful wedlock.”
Section 43-8-48 provides, in pertinent part:
“If, for purposes of intestate succession, a relationship of parent and child must be established to determine succession by, through, or from a person:
“(1) An adopted person is the child of an adopting parent and not of the natural parents except that adoption of a child by the spouse of a natural parent has no effect on the right of the child to inherit from or through either natural parent....”
In its declaratory judgment, the trial court stated that “[t]he plain reading of the phrase ‘to determine succession by, through, or from a person’ [contained in § 43-8-48], apparently indicates that an adopted person is the child of an adopting parent for purposes of not only inheriting from a person (adopting parent) but, also without restriction, through a person (adopting parent).”
We agree with the trial court’s interpretation of the language in § 43-8-48, and we hold that that section extends to adopted children the right to inherit from collateral relatives of predeceased adoptive parents. Under the controlling statutes in this case, unlike the controlling statute in Gamble, there is a provision for adopted children to inherit from collateral relatives of their adoptive parents as well as from the adoptive parents. The trial court correctly determined that the adopted persons in this case are entitled to an intestate share of Daisy Daffin’s estate.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur.

. John W. Johnston died on October 21, 1989; his interest is now represented by the executor of his estate, William John Osborn.