Robert Louis Kinard appeals from a judgment entered after a bench trial awarding title to 80 acres of real property to Jessie C. Jordan and Helen J. Daniels; Jordan and Daniels cross appeal.[1] Jordan and Daniels were the brother and sister of Lucille Jordan Damron, who died intestate on August 30, 1981, survived by neither children nor parents. At the time of her death, Lucille owned the disputed property. Harvey Damron, who claimed to be Lucille's husband at the time of her death, received letters of administration on Lucille's estate on November 12, 1981, and sold the 80 acres to Kinard on February 19, 1982. Jordan and Daniels brought several actions disputing Kinard's possession of the property and arguing that it belonged to them. These appeals are from a judgment in the last two actions filed, CV-86-125 and CV-88-69. The issues are: (1) whether the circuit court erred in holding unconstitutional a portion of Act No. 81-1170, Ala. Acts 1981, which amended the law of intestate succession and, on the basis of that holding, awarding the property to Jordan and Daniels; and (2) whether the claim of Jordan and Daniels that Harvey was not actually married to Lucille at the time of her death and therefore did not inherit the property was barred by earlier decisions of the circuit court and the probate court of Clarke County.
The first issue arises because Lucille's death occurred during a period of legislative change in the law of intestate succession. In the summer and fall of 1981, the legislature passed two amendments to Ala. Code 1975, §§ 43-3-1 and 43-3-10,[2]
Act No. 81-967 and Act No. 81-1170. Section 43-3-1, before the amendments, stated the following, in pertinent part:
 "The real estate of persons dying intestate, as to such estate descends, subject to the payment of debts, charges against the estate, and the widow's dower, as follows:
 "(1) To the children of the intestate, or their descendants, in equal parts.
 "(2) If there are no children or their descendants, then to the father and mother, in equal parts.
 "[(3) and (4) applied when one parent survived the decedent.]
 "(5) If there are no children or their descendants, and no father or mother, then to the brothers and sisters of the intestate, or their descendants, in equal parts.
 "(6) If there are no children or their descendants, no father or mother, and no brothers or sisters or their descendants, then the whole to the husband or wife of the intestate. . . ."
Ala. Code 1975, § 43-3-10, entitled "Distribution of personal estate," provided the following before the amendments:
 "The personal estate of persons dying intestate as to such estate, after the payment of debts and charges against the estate, is to be distributed in the same manner as his real estate, and according to the same rules; except that the widow, if there are no children, is entitled to all the personal estate, or, if but one child, she is entitled to one half; if more than one, and not more than four children, to a child's part; and if more than four children, to one fifth."
On August 20, 1981, at 9:30 a.m., ten days before Lucille's death, the following amendment to the above sections, Act No. 81-967, became effective:
 "Section 1. Sections 43-3-1, as amended, and 43-3-10 of the Code of Alabama 1975, are amended to read as follows:
 "§ 43-3-1. The real estate of persons dying intestate, as to such estate descends, subject to the payment of debts and charges against the estate as follows:
 "(1) Subject to the widow's dower, to the children of the intestate, or their descendants, in equal parts. *Page 1382 
 "(2) If there are no children or their descendants then the whole to the surviving spouse of the intestate.
 "(3) If there are no children or their descendants, and no surviving spouse, then to the father and mother, in equal parts.
 "[(4) and (5) applied when one parent survived the decedent.]
 "(6) If there are no children or their descendants, no surviving spouse, and no father or mother, then to the brothers and sisters of the intestate, or their descendants, in equal parts. . . .
". . . .
 "§ 43-3-10. The personal estate of persons dying intestate as to such estate, after the payment of debts and charges against the estate, is to be distributed in the same manner as real estate, and according to the same rules; if a spouse having a separate estate dies intestate, leaving a spouse living, the surviving spouse is entitled to one half of the personalty of such separate estate absolutely and to the use of the realty during his or her lifetime."
(Emphasis added.)[3]
On November 30, 1981, after Lucille's death, Act. No. 81-1170 became effective; it provided in pertinent part as follows:
 "Section 1. Sections 43-3-1, as amended, and 43-3-10 of the Code of Alabama 1975, are amended to read as follows:
 "[There were no significant changes to § 43-3-1
as it pertained to this case.]
 "§ 43-3-10. The personal estate of persons dying intestate as to such estate, after the payment of debts and charges against the estate, is to be distributed in the same manner as real estate, and according to the same rules; except that in any event the surviving spouse is entitled to no less than one half of the personalty of such separate estate absolutely.
". . . .
 "Section 5. This act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law, and the provisions herein shall be retroactively effective as of 9:30 a.m. August 20, 1981."
Jordan and Daniels take the position, and the circuit court agreed, that Act No. 81-967 amended § 43-3-10 on August 20 so that a surviving spouse took only a life estate in the decedent's real estate and that, under the descent provisions of § 43-3-1 as amended on August 20, they took a remainder interest in the 80 acres at the time of Lucille's death. They further contend that Act No. 81-1170's amendment of § 43-3-10 on November 30 purported to retroactively change the August 20 amendment so as to deprive them of this vested property right, and that, as the circuit court held, such a retroactive amendment unconstitutionally deprived them of property without due process of law.
Jordan and Daniels rely on Stallworth v. Hicks, 434 So.2d 229
(Ala. 1983), wherein this Court refused to retroactively apply a judicial decision, Ransom v. Ransom 401 So.2d 746 (Ala. 1981), that had extended the application of Title 7, § 663, Ala. Code 1940, dealing with the homestead allowance, to widowers as well as widows. This Court refused to so apply Ransom because the effect of such an application would have been to divest the defendants of their right to the real property that they had acquired under the laws of intestate succession. This Court stated, "To divest parties of real property acquired under the laws of intestacy in effect at the time of the decedent's death would create a cloud on the title of a great many parcels of real property in this state." Stallworth, 434 So.2d at 231.
Contrary to these arguments, however, a careful reading of § 43-3-10 and § 43-3-1, as amended only by Act No. 81-967, reveals that Harvey took fee simple title to the 80 acres upon Lucille's death.[4] Even conceding *Page 1383 
that § 43-3-10, as amended by Act No. 81-967, could be read to give Harvey a life estate in all realty owned by Lucille, we note that § 43-3-1 was also amended by Act No. 81-967, and that amendment provides that real property descends to the surviving spouse when the decedent had no children.
Sections 43-3-1 and 43-3-10 relate to the same subject, the descent and distribution of property by intestate succession, and they "should be treated in pari materia and as formulating a consistent whole in the matter of descents." Shull v. Shull,252 Ala. 320, 325, 40 So.2d 708, 712 (1949). Where more than one Code section is involved, they should be construed in harmony with other Code sections in effect, so far as is practical. See Siegelman v. Folmar, 432 So.2d 1246, 1249
(Ala. 1983). If we construe §§ 43-3-1 and 43-3-10 in parimateria, and accept that § 43-3-10, as amended by Act. No. 81-967, gave Harvey a life estate, then we are left with the question of how the remainder interest descended. Under §43-3-1(2), as amended by Act. No. 81-967, if Lucille was not survived by any children, then her real property would pass to her surviving spouse, Harvey. Only if she did not have a surviving spouse would the property pass to her brothers and sisters. § 43-3-1(6), as amended by Act. No. 81-967.
The circuit court found an irreconcilable conflict between the life estate provided by § 43-3-10, as amended by Act. No. 81-967, and the descent of real property to a surviving spouse under § 43-3-1(2), as amended by that act. It then applied the rule that the later provision in order of arrangement controls.See Alabama State Board of Health ex rel. Baxley v. ChambersCounty, 335 So.2d 653, 655 (Ala. 1976). However, if the various parts of an act can be harmonized, they will be construed so as to avoid an irreconcilable conflict. See Ex parte Jackson,614 So.2d 405, 406 (Ala. 1993); Eagerton v. Terra Resources, Inc.,426 So.2d 807, 808 (Ala. 1982). These provisions can be harmonized by construing the life estate as coming into existence only if there are surviving children, to whom the real property would descend under § 43-3-1(1), as amended.
Thus, the circuit court did not have to reach the question of the constitutionality of the retroactivity provision of Act No. 81-1170,[5] because under §§ 43-3-1 and 43-3-10, as amended by Act No. 81-967, Jordan and Daniels never had an interest in the 80 acres that could have been divested from them by the passage of Act No. 81-1170; Harvey held the 80 acres in fee simple from the date of Lucille's death, because he held both the life estate and the remainder interest. When a person holds both the life estate and the remainder interest in property, those interests are said to have merged, and the owner holds the property in fee simple. 28 Am.Jur.2d Estates § 378 (1966); cf.Welsh v. Phillips, 54 Ala. 309, 315 (1875).
The judgment is incorrect in holding that Jordan and Daniels inherited the 80 acres on the assumption that, if the retroactivity provision of Act No. 81-1170 is unconstitutional, the life estate provided for surviving spouses in Act No. 81-967 negated that act's provision for descent of real property to surviving spouses.
Jordan and Daniels argued alternatively that Harvey was not in fact married to Lucille at the time of her death and that therefore they were entitled to the property. Harvey responds with the argument that Jordan and Daniels were barred by the principle of res judicata from raising this issue in the present actions. To resolve this question, we must recount the complicated procedural history of this dispute.
Jordan and Daniels filed numerous actions, both in the probate court and in the circuit court, over a span of nine years, contesting Harvey's conveyance of the 80 acres to Kinard. Daniels, on July 8, 1982, filed a motion in the probate court to determine heirship of *Page 1384 
Lucille Damron.[6] That motion stated the following:
 "1. Based upon information and belief your Petitioner believes the administrator of his deceased wife's estate, Harvey Damron, may have conveyed real property which was part of the deceased's separate estate when in fact he was not entitled to do so under the laws of Intestate Succession of Alabama."
(Emphasis added.)
On September 30, 1982, the probate court entered an order dismissing the motion. This order stated the following:
 "This matter comes on regularly to be heard upon a motion by Helen Jordan Daniels, by and through her Attorney of Record, Honorable Timothy M. Grogan, to determine the rights of the heirs of the said Lucille Jordan Damron, deceased; and as a basis therefore, the petitioner alleges, based upon her information and belief, that Harvey Damron, the administrator of the said estate and husband of the said Lucille Jordan Damron, may have conveyed real property which was part of Lucille Jordan Damron's separate estate; and that he was not entitled to do so under the laws of Intestate Succession of Alabama.
". . . .
 "There are several things very clear in this case. That Lucille Jordan Damron died without a will, that she died on August 30, 1981, 10 days after Act. No. 81-967 was signed into law, that she was married to Harvey Damron, and that there were no surviving children or their descendants, is not disputed.
 "Notwithstanding section 43-3-10 of Act. No. 81-967, and considering that Act. No. 81-1170 is retroactive to the same day and time as Act. No. 81-967, the court must find that Harvey Damron was entitled to the real estate owned by Lucille Jordan Damron at the time of her death, and the court so finds, and that the said Harvey Damron was entitled to convey the said real estate if he so desired."
(Emphasis added.)
On April 1, 1983, Jordan and Daniels brought an action in the circuit court (CV-83-41) for a declaratory judgment against Harvey Damron, requesting that the court declare them to be the rightful owners of the 80 acres, on the authority of Act. No. 81-967 and §§ 43-3-1 and 43-3-10. In the complaint, they stated the following:
 "On or about November 11, 1981, Harvey Damron, surviving spouse of the deceased, Lucille Jordan Damron, petitioned the Probate Court for Clarke County, Alabama to be named as administrator. . . ."
(Emphasis added.)
On January 28, 1984, Kinard moved the court to allow him to intervene; the court granted his motion. All parties moved for summary judgment. On July 10, 1984, the circuit court entered an order granting Harvey and Kinard's motion for summary judgment and making the following finding of fact, among others:
 "That Lucille Jordan Damron was, at the time of her death, married to Harvey Damron, the defendant, who survived her."
The circuit court held that Jordan and Daniels's prior action in the probate court concerned the same issues, that the time to appeal from that order had passed, and that, thus, a relitigation of those issues was barred.
On November 11, 1984, the circuit court denied Jordan and Daniels's motion to correct the judgment, stating that whether or not the probate court had the power to vacate its earlier order "is not a matter to be appropriately determined at this time." However, on January 18, 1985, the circuit court entered the following nunc pro tunc order:
 "[I]n order to clarify any misunderstanding of this Court's order dated the 10th day of July 1984, the Court does reveal the following: *Page 1385 
 "1. That the motion for summary judgment dated the 10th day of July 1984, was based upon two (2) theories; i.e., res judicata, and an untimely appeal of the matter from the Probate Court of Clarke County, Alabama;
 "2. That this Court was confronted, when ruling on said motion for summary judgment, with construing this action as either an appeal from the Probate Court of Clarke County, Alabama or, as an independent action filed initially in the Circuit Court of Clarke County, Alabama;
 "3. That this Court held, in its Order dated the 10th day of July 1984, that, construing this action as an appeal from the Probate Court of Clarke County, Alabama, it was barred for not being timely filed;
 "4. That this Court further held, in its order dated the 10th day of July 1984, that, construing this action as an independent action filed initially in the Circuit Court of Clarke County, Alabama, . . . it was barred by the doctrine of res judicata, since there was a final unattacked Order relative to the same subject matter entered by the Judge of Probate of Clarke County, Alabama, dated the 30th day of September, 1982;
 "5. That this Court made no determination as to the heirship of Lucille Jordan Damron, nor did this Court make any determination relative to the ownership of any real property owned by the said Lucille Jordan Damron at the time of her death.
 "Except as clarified herein, the order entered by this Court on the 10th day of July, 1984, shall remain in full force and effect."
The effect of this amendment is unclear; the circuit court seems to have retreated from its earlier holdings on the merits, but we are unable to discern how it could hold that the probate court's judgment on the question of the descent of the property in question was res judicata and yet state that its denial of declaratory relief had no bearing on the ownership of that property. Moreover, it is unclear whether the circuit court attempted to retract its statement that Lucille was married to Harvey at the time of her death.
Jordan and Daniels did not appeal from this judgment. On March 14, 1986, Jordan and Daniels filed a motion with the probate court requesting that it set aside its order dated September 30, 1982, on the grounds that the order was void, arguing that the probate court had exceeded its jurisdiction by purporting to determine title to the 80 acres and purporting to determine the validity of the statutes. On September 12, 1986, the probate court entered an order denying this motion, holding that its 1982 order was not void and that the motion was not timely filed.
Jordan and Daniels then appealed to the circuit court from the probate court's denial of their motion. That appeal was given case number CV-86-125. Jordan and Daniels, in May 1988, filed a complaint in the circuit court, action number CV-88-69, requesting a judgment declaring that they were the rightful owners of the 80 acres and ordering Kinard to deliver possession of the land to them. It was not until after the filing of these actions that Jordan and Daniels claimed that Harvey was not the surviving spouse of Lucille, because, they alleged, he had never obtained a divorce from a previous marriage. Kinard moved to dismiss CV-88-69 on June 24, 1988, on the grounds that it failed to state a claim upon which relief could be granted and because of the doctrine of res judicata; specifically, Kinard argued that the issue in the case had been decided in the circuit court in CV-83-41.
In January 1989, CV-86-125 and CV-88-69 were consolidated for trial.[7] The circuit court entered an order on January 16, 1990, stating:
 "It is thus the opinion of this Court that there was no error in the Order dated September 12, 1986, in the Probate Court *Page 1386 
of Clarke County, Alabama, . . . affirming its Order of September 30, 1982. However, the Motion to Dismiss in CV-88-69 is due to be denied, for the issues in said case involve the ownership of certain real property, and such issues have never been litigated, either in the Probate Court of Clarke County, Alabama, or in civil action No. CV-83-41 in the Circuit Court of Clarke County, Alabama."
This order therefore appears to have affirmed the probate court's denial of the motion to vacate its 1982 order. However, it is not clear that the parties or the court treated this order as disposing of CV-86-125. Certainly Jordan and Daniels do not argue here that the circuit court erred in affirming the probate court's denial of their motion to set aside the 1982 order. From all that appears, this January 16, 1990, order correctly decided CV-86-125, because the 1982 probate order had long since become final and the motion to set it aside was properly denied as untimely.
In February 1991, Kinard filed a third-party complaint against Harvey, demanding that Harvey reimburse him for his purchase price of the 80 acres, approximately $36,500, minus the value of Harvey's life estate, if the circuit court determined that all Harvey held was a life estate. On December 13, 1991, Harvey filed a counterclaim against Jordan and Daniels, alleging that they had defamed him by their allegations that he was a bigamist.
A trial was held on August 31, 1992. The following is the pertinent portion of the circuit court's July 30, 1993, order awarding the remainder interest in the 80 acres to Jordan and Daniels:
"[T]he court makes the following findings of fact:
 "1. That in the Order dated the 10th day of July, 1984, in Civil Action CV-83-41, the Court, inter alia, made the following findings of fact:
 " '1. That Lucille Jordan Damron died intestate on August 30, 1981;
 " '2. That Lucille Jordan Damron was, at the time of her death, married to Harvey Damron, the defendant, who survived her; . . . .
" '. . . .
 "2. Further, that in Civil Action CV-83-41 in the Order Nunc Pro Tunc, dated the 18th day of January, 1985, the Court stated as follows:
 " '5. That the Court made no determination as to the heirship of Lucille Jordan Damron, nor did this Court make any determination relative to the ownership of any real property owed [sic] by the said Lucille Jordan Damron at the time of her death [emphasis in 1993 order]";
 "3. That for purposes of this present Order only, those facts found by the Court in Civil Action CV-83-41 as set forth hereinabove are deemed already established for the purpose of determining ownership of the real property in question in this cause; . . . .
". . . .
 "It is therefore, ORDERED, ADJUDGED, and DECREED as follows:
 "1. That on the 30th day of August, 1981, the title to subject real property became vested in Helen J. Daniels and Jessie C. Jordan, subject to the use of the realty by Harvey Damron during his lifetime. 'The laws of intestate succession in effect at the date of decedent's death control the descent of real property.' Stallworth v. Hicks, 434 So.2d 229, 230 (Ala. 1983). Thus, the applicable statute in effect on the date of the death of Lucille J. Damron, deceased, was Act. No. 81-967, approved August 20, 1981. Further, since there is an obvious conflict in said Act No. 81-967 between § 43-3-1(2) and § 43-3-10, the last provision in point of arrangement must control. See In re Ashworth, 291 Ala. 723, 727, 287 So.2d 843 (1974). Act. No. 81-1170 approved November 30, 1981, by the Legislature of the State of Alabama, is not retroactively applicable to the issue of title owned by the deceased prior to the enactment of said Legislation, for as is stated in Stallworth v. Hicks, supra, at page 231, 'To divest parties of real property acquired under the laws of intestacy in effect at the time of the decedent's *Page 1387 
death would create a cloud on the title of a great many parcels of real property in this state.';
 "2. That portion of Section 5, of Act No. 81-1170 approved November 30, 1981, wherein it is provided that '. . . the provisions herein shall be retroactively effective as of 9:30 a.m. August 20, 1981', is hereby declared to be unconstitutional;
 "3. That Robert Lloyd Kinard recover of Harvey Damron the sum of thirty-six thousand five hundred dollars ($36,500.00), less the value of the use of the realty during the lifetime of Harvey Damron;
 "4. That unless the value of the life estate of Harvey Damron be stipulated in writing by all parties hereto and filed herein, that this cause be reconvened on the 8th day of September, 1993, at 1:30 p.m., to ascertain the value of the use of the subject real property during the lifetime of Harvey Damron, effective as of the 19th day of February, 1982 [emphasis in 1993 order];
 "5. That upon a complete resolution of all the non-jury issues in these causes, that the same be placed upon the next civil jury trial docket for resolution of the third-party claim by defendant Harvey Damron against plaintiffs Helen J. Daniels and Jessie C. Jordan."
Kinard moved for a new trial, which was denied on August 30, 1993. He then filed a notice of appeal from this judgment on October 8, 1993. Jordan and Daniels then cross appealed on November 1, 1993. In their cross appeal, Jordan and Daniels argued, inter alia, that Kinard's appeal should be dismissed, because, they said, it was not taken from a final judgment — specifically, they say there were issues still to be resolved relating to the value of Harvey's life estate.
This Court remanded the action for the circuit court to enter a final judgment. The circuit court, on February 11, 1994, entered the following order:
 "WHEREAS, more than one (1) claim for relief is presented in these actions; AND WHEREAS, an adjudication was made by this Court relative to the ownership of the N1/2 of SE1/4, Section 25, Township 11 N., Range 1 W., containing 80 acres, more or less, in Clarke County, Alabama, subsequent to the date that Lucille Jordan Damron died intestate, i.e., August 30, 1981; AND WHEREAS, the Court's said Order dated the 30th day of July, 1994, [sic] set forth said determination (viz., 'That on the 30th day of August, 1981, the title to subject real property became vested in Helen J. Daniels and Jessie C. Jordan, subject to the use of the realty by Harvey Damron during his lifetime.'); AND WHEREAS, this Court's order dated the 30th day of July, 1993, in Paragraph 2 thereof, declared a certain portion of Section 5, of Act. No. 81-1170 approved November 20, 1981, to be unconstitutional; AND WHEREAS, the Court further expressly determines that there is no just reason for delay in the entry of final judgment in these causes relative to the hereinabove already determined claims, wherein findings were made by this Court on the 30th day of July, 1993;
 "It is therefore, ORDERED, ADJUDGED, and DECREED that, pursuant to Rule 54(b) of the Alabama Rules of Civil Procedure, that the Court expressly directs an entry of final judgment as follows:
 "That on the 30th day of August, 1981, the title to the N1/2 of the SE1/4, Section 26, Township 11 N., Range 1 W., containing 80 acres, more or less, in Clarke County, Alabama, became vested in Helen J. Daniels and Jessie C. Jordan, subject to the use of the realty by Harvey Damron during his lifetime.
 "That portion of Section 5, of Act No. 81-1170 approved November 30, 1981, wherein it is provided that '. . . the provisions herein shall be retroactively effective as of 9:30 a.m. August 20, 1981,' is declared to be unconstitutional.
 "It is, therefore, ORDERED that the record in these causes be supplemented to include all of the hereinabove together with attachments hereto. It is further ORDERED that the Circuit Clerk of Clarke County, Alabama, certify to the Supreme Court of the State of Alabama this supplemental record.
 "It is, therefore, ORDERED that these causes be referred back to the Supreme Court of Alabama with the finding that there has been full compliance by this *Page 1388 
Court with the Order of Remand dated February 4, 1994. . . .
 "The Court retains jurisdiction of these causes relative to the adjudication of the remaining claims pending in these causes."
Jordan and Daniel argue in their cross appeal that the circuit court erroneously ruled that Harvey was Lucille's surviving spouse. Thus, they argue, the judgment is due to be affirmed even if this Court holds that the circuit court erred in basing its judgment on a holding that the retroactivity provision of Act No. 81-1170 was unconstitutional. In the final judgment of the circuit court, dated February 11, 1994, the circuit court did not rule as to whether Harvey was the surviving spouse, although in its earlier order it did "make the finding of fact" that it had, in 1984, found that Harvey was Lucille's surviving spouse.
Jordan and Daniels argued to the circuit court at the trial on August 31, 1992, that Harvey was not the surviving spouse of Lucille because Harvey had never divorced his previous wife, Pauline Whitaker Damron, who was still living at the time of Lucille's death. Harvey objected to the admission of Pauline's deposition testimony, claiming that it was irrelevant; he claimed it was irrelevant on the basis that Jordan and Daniels were precluded from raising the issue whether Harvey was Lucille's surviving spouse because they could have raised it in their earlier actions. The circuit court overruled this objection.
Kinard argues that the issue whether Harvey was Lucille's surviving spouse was barred by the doctrine of res judicata, but, as we view these proceedings, it may be that the consolidated actions CV-86-125 and CV-88-69 were due to be dismissed as barred by the res judicata effect of the judgment of the probate court in 1982 and the judgments of the circuit court in 1984 and 1985 in CV-83-41.
 "Res judicata will apply to a later action only if the following elements are present: (1) the prior judgment was rendered by a court of competent jurisdiction; (2) the prior judgment was rendered on the merits; (3) the parties to both suits are substantially identical; and (4) the same cause of action is present in both suits."
Tatum v. Kelley, 481 So.2d 1132, 1135 (Ala. 1985). "A judgment in a former action between the same parties is not only conclusive of the questions actually litigated, but also of any matter that could have been litigated in that prior suit."First State Bank of Altoona v. Bass, 418 So.2d 865, 866
(Ala. 1982) (emphasis added). The order dated January 16, 1990, wherein the circuit court denied Kinard's motion to dismiss CV-88-69, appears to have been in error, because either the circuit court's judgment in CV-83-41 or the probate court's judgment in 1982 was a judgment in a former action between the same parties on the same cause of action, the cause of action being a determination of the descent of the 80 acres. Although the circuit court, in its January 16, 1990, order, stated that its earlier judgment in 1984, as clarified by its 1985 nunc pro tunc order, was not a final adjudication on the question whether Harvey owned the land, the earlier judgment necessarily adjudicated the question whether Harvey owned the land, because the circuit court held in 1984 and 1985 that the action brought by Jordan and Daniels for a declaratory judgment on that very question was barred either as an untimely appeal from the probate court or by the res judicata effect of the probate court's order.
However, the parties before us do not argue the res judicata
effect of the prior judgments on the entire action. To the extent that the circuit court has ruled on the question whether Harvey was Lucille's surviving spouse, the court appears to have held that relitigation of that question is barred. We see no error in such a holding. In any event, the judgment is due to be reversed because it was grounded principally in the construction of Act No. 81-1170 as unconstitutional; as we have shown, that was an erroneous basis on which to enter the judgment for Jordan and Daniels.
REVERSED AND REMANDED.
SHORES, HOUSTON, STEAGALL, KENNEDY and COOK, JJ., concur.
[1] As explained later, two actions were consolidated in the circuit court. Separate notices of appeal and cross appeal were filed as to each of the two actions.
[2] Section 43-3-1 and 43-3-10 were repealed by the enactment of the Probate Code, Ala. Acts 1982, No. 82-399, § 8-102, effective January 1, 1983.
[3] We question the validity of Act. No. 81-967's attempt to amend § 43-3-10 so as to include a provision applying to real property within a Code section applying to distribution of personal property. Because we decide this case on narrower grounds applicable to these facts, we do not decide this question.
[4] For our discussion of this first issue, we have assumed that Harvey was Lucille's husband. See our discussion of that second issue infra.
[5] A surviving spouse of a person who died with descendants between August 20, 1981, and November 30, 1981, may have taken a life estate under Act No. 81-967; such a person would have standing to raise a constitutional challenge to the retroactivity provision of Act No. 81-1170. Therefore, we express no opinion as to the validity of that provision. "Courts will inquire into the constitutionality of a statute only when and to the extent that the case before the court requires." Lowe v. Fulford, 442 So.2d 29, 33 (Ala. 1983) (citation omitted).
[6] Presumably, this motion was filed in regard to the pending administration of Lucille's estate, but the full probate record is not before us.
[7] Attorney General Jimmy Evans was notified of the pending action, pursuant to Ala. Code 1975, § 6-6-227, because of the issue involving the constitutionality of the amendments; he submitted an acceptance of service and waiver of further notice or participation on February 26, 1992. *Page 1389